ELLIS, Judge.
This suit is brought by Alex Briley as the beneficiary of a policy issued by defendant insuring against the accidental death of his deceased brother, Robert Bri-ley. He seeks the face amount of the policy, $1,250.00, plus a like amount as a penalty for arbitrary refusal to pay, and interest and attorney’s fees. Defendant filed an exception of no cause of action, which was maintained, and plaintiff’s suit was dismissed. From the judgment of dismissal, plaintiff has appealed.
Article 2 of plaintiff’s petition reads as follows:
“That the petitioner’s brother, ROBERT BRILEY, died on February 19th, 1966, of injuries received as a result of an unprovoked brutal attack by another indi- *533 vicinal, all as will more fully appear by reference to the Coroner’s report of death, East Baton Rouge Parish, dated February 19, 1966, which said report is filed herewith and made a part hereof as if herein written “in extenso” and respectively attached hereto as PLAINTIFF’S EXHIBIT #1.”
The coroner’s report of death shows that Robert Briley died as a result of multiple stab wounds and crushing injury to the skull and face, and that the death was classified as a homicide.
The exception of no cause of action is based on those allegations, and the following exclusionary provision of the policy sued on:
“This policy does not cover death or injury resulting directly or indirectly from * * * injuries intentionally inflicted upon the insured by himself or by another person * *
Defendant’s position is that the petition affirmatively alleges facts sufficient to bring it squarely under the exclusionary clause.
Plaintiff says that he did not allege the attack to be intentional and that he affirmatively alleged, in Article 4 of the petition, that the death was caused by accidental means. He takes the position that the question of the intentional nature of the attack is a matter of proof and cannot be presumed from the pleadings.
The courts of this state have held on a number of occasions that an attack is not intentional within the meaning of such an exclusionary clause as we have here unless the victim was the intended recipient thereof. Wildblood v. Continental Casualty Co., 182 La. 202, 161 So. 584 (1935); Brooks v. Continental Casualty Co., 128 So. 183 (La.App. 1 Cir. 1930). An attack could, therefore, be unprovoked, brutal and result in a homicide without being intentional under the policy, if the assailant was mistaken in his victim.
It is not incumbent on plaintiff to allege or prove facts which exempt him from the provisions of the exclusionary clause. This burden rests on the defendant, who is relying on the clause to relieve him of liability. Civil Code, Article 2232; Massachusetts Protective Ass’n v. Ferguson, 168 La. 271, 121 So. 863 (1929); B.T.U. Insulators, Inc. v. Maryland Casualty Co., 175 So.2d 899 (La.App. 2 Cir. 1965).
We find that, having alleged the policy, the essential facts surrounding the death, and that it was by accidental means, plaintiff has alleged a cause of action. We cannot, from the circumstances, presume facts necessary to defeat plaintiff’s case. These facts must be proved by defendant at the trial.
The judgment appealed from is reversed, and the case remanded for trial on its merits. All costs of this appeal are to be borne by defendant.