TUCKER, Judge.
In this suit plaintiff, Alex Briley, seeks to recover from the defendant, Union Central Life Insurance Company, the policy principal of one thousand two hundred fifty and no/100 ($1,250.00) dollars, plus a penalty in like sum and twelve (12%) per cent interest on the composite sum for the arbitrary refusal on the part of the defendant to make payment to the plaintiff under the company’s Policy No. 56412424 designated “Special Industrial Accident Policy”, issued on the life of one Robert Briley with plaintiff the named beneficiary thereunder. These penalties are demanded under the provisions of LSA-R.S. 22:657 of 1950, as amended.
The facts are undisputed that the insured, Robert Briley, was killed by Johnny Lee Singleton, who inflicted eleven (11) stab wounds upon the insured, laceration of Robert Briley’s genitals, plus crushing blows to the victim’s head and face with the use of a brick. The record shows that Singleton entered a plea of guilty to the murder of Briley without capital punishment, and he was sentenced to life imprisonment in the Louisiana State Penitentiary at hard labor, where he is presently incarcerated.
Upon demand by the beneficiary Briley for payment under the aforementioned policy, the defendant company refused payment on the ground that the means by which insured met his death was excluded from coverage under the policy, which excepts from coverage deaths resulting “directly or indirectly from injuries intentionally inflicted upon the insured by himself, or by another person”.
The trial court at the outset maintained an exception of no cause of action filed by defendant and dismissed the suit. On appeal to this court the judgment sustaining the exception was reversed, 215 So.2d 532, and the case was remanded for trial on its merits, this court substantially holding that the allegations of plaintiff’s petition did not reflect insured was the intended victim of the murder, and that there could have been a case of mistaken identity on the part of the assailant in making the attack, even though Singleton may have intended to kill him. After issue was joined by defendant’s answer, the case was tried, and the suit was again dismissed by the lower court. The basis for plaintiff’s appeal of the judgment in his contention that the insured’s death was improperly held to be excluded from policy coverage.
In substance the only issue before the court is whether or not insured was the victim of intentional injuries within the meaning of the exclusionary clause of the policy.
Of course, we reiterate the reasoning expounded in this court’s judgment, reversing and remanding the judgment of the lower court maintaining the exception of no cause of action, interposed by the defendant, in which it was held that an attack is not intentional within the meaning of such an exclusionary clause x x x x x x x x unless the victim was the intended recipient thereof. The onus of proving that facts exist which take an insured’s death outside of such an exclusionary clause do not rest with plaintiff, but rather the bur *267 den of proving that the death lies within the exclusionary clause rests with the defendant, who relies on the clause to avoid liability.
Irrespective of the fact that the evidence reflects Johnny Lee Singleton did not know the name of Robert Briley, it is clear from the testimony that these two men engaged in some sort of encounter, and that Singleton intended to kill Briley as shown by his testimony on Page 20 of the transcript quoted as follows:
“Q. And you were intending to hit this man, without a doubt, that you were hitting, weren’t you ?
A. Yes, sir.
Q. But you intended to stab the man that you stabbed on that occasion, didn’t you?
A. Yes, sir, because he was going to stab me.
Q. And it turned out to be Robert Bri-ley?
A. Yes, sir.
Q. You intended to hit this man that turned out to be Robert Briley?
A. Yes, sir.”
The cases of Brooks v. Continental Casualty Co., 13 La.App. 502, 128 So. 183 (1 Cir. 1930) and Wildblood v. Continental Casualty Co., 182 La. 202, 161 So. 584 (1935) in which plaintiff places prime reliance in support of his position, also cited in the previous decision of this court, involve facts not analogous to the situation here. In those cases the evidence clearly showed that the insureds, though violently killed, were thought by the assailants to be persons other than the individuals against whom the violence was directed and perpetrated, giving rise to the accepted precept of the law and jurisprudence that if the assailant was mistaken in the identity of his victim, an exclusion as contained in the instant policy would not gravitate against plaintiff’s claim. There is nothing in the record here to justify the application of the rationale of the two cited cases, and, to the contrary, the evidence abundantly establishes Singleton knew his victim, and that this was not a case of "mistaken identity”. The insured Briley was recognized by Singleton as an adversary, who was threatening to stab him with a knife, which weapon eventually became one of the instruments used by Singleton in dispatching the insured Briley. The defendant also contends in order for the death- of-Briley to come within the purview of the terms of the instant policy and to be exempted from the exclusionary clause, not only must the violent attack result from mistaken identity, placing death in the accidental category, but, as well, the death “must not have resulted from injuries intentionally inflicted upon the insured by another.” Since the assailant knew his victim as the person who was trying to stab him, when Singleton perpetrated the violent knife and brick attack upon the deceased, Briley’s death was not accidental, his wounds were intentionally inflicted by Singleton, and coverage of the death was plainly excluded from the policy. A determination of the legal effect of the exclusionary clause where a death was included in the coverage as accidental due to mistaken identity is not necessary for the purposes of this decision.
Since the death of the insured was encompassed in the provisions of the exclusionary clause of the subject policy, this court affirms the judgment of the lower court dismissing plaintiff’s suit at his costs.
Judgment affirmed.