BOLIN, Judge.
Plaintiff, Joe E. Culotta, suffered a gun-shot wound at the hands of an unidentified assailant and was hospitalized for a period of six days. Following denial of his demands by defendant, Security Industrial Insurance Company, plaintiff filed suit seeking to recover $300 for his hospital expenses, plus penalties and attorney’s fees, under five policies of insurance issued to him by defendafit. Each policy provided a daily hospital benefit for hospital confinement necessitated by bodily injury caused by accidental means.
It was agreed the court should render judgment on the basis of a stipulation of facts and briefs filed in the record. The *864 trial judge found the injuries were intentionally inflicted upon plaintiff and were excluded from coverage under a specific exclusionary clause found in each of the five policies. Plaintiff appealed; while the appeal was pending, plaintiff died and his heirs were substituted as party plaintiff.
It was stipulated that Joe Culotta was the owner of the policies of insurance alleged in plaintiff’s petition and that these policies were in force and effect on the day of plaintiff’s injury. Further, that on July 2, 1974, Culotta was employed at the E-Z Liquor Store, Shreveport, Louisiana, and was on duty when an unknown bandit entered the liquor store armed with a .38 caliber revolver; that plaintiff, Joe E. Culotta, did not resist the robber in any manner and yet the robber pointed his revolver directly at Culotta and fired the revolver at him. The robber also shot and killed Nick Cadaro, owner of the store, and seriously wounded Culotta. According to the police report attached to the stipulation, the holdup man made his escape after taking the cash from the store and neither of the victims had resisted the robber. The trial judge stated, in his reasons for judgment, that the robber had not been apprehended on the date of trial, June 30, 1975.
The exclusionary clause, which is duplicated in each of the five policies, provides under “Exceptions”:
The daily Hospital Benefit is not payable with respect to any hospital confinement which results diréctly or indirectly, wholly or partly, from any one of the following causes: . . . (f) injuries intentionally inflicted upon the Insured by another person; . . . ”
Plaintiff-appellant alleged the trial judge erred in his determination that the armed robber intended to inflict bodily harm on plaintiff; that, if this is a finding of fact, it would have to be assumed the armed robber went to E-Z Liquor Store, not with the intention of robbing the store but rather with the intention of inflicting injury on the insured, and that the robbery was incidental to murder rather than murder being incidental to robbery.
Reliance for the above contention is placed in the rationale of the court in Chambers v. First National Life Ins. Co., 253 So.2d 636 (La.App. 4 Cir. 1971). In Chambers the insured had a policy of accident insurance which provided for accidental death but excluded “death caused by the intentional act of the insured, or any other person, while sane or insane.” The insured was seated at a bar when a man entered the bar from the insured’s rear, walked toward him, emptied a pistol into the insured’s back without seeing his face, and then walked out, without saying a word. The insured died. No motive could be found for the killing. An action was brought under the policy and the court held that plaintiff had the burden of proving death by violent and external means unforseen by the victim, to show that death was “accidental”. The burden then shifts to the defendant to prove that death falls under the “intentional act” exclusion by showing both that (1) the killing was intentional and (2) the actual victim was the intended victim. The court held in that case it had not been shown the actual victim was the intended victim.
Defendant cites the case of Tornabene v. Atlas Life Insurance Company, Inc., 295 So.2d 10 (La.App. 4 Cir. 1974), in which the court reviews most of the Louisiana cases involving policies excluding from coverage injury or death resulting from an intentional act of a person other than the insured. In rendering judgment for plaintiff, the court held the insurance company failed to carry the burden of proving the killing was intentional or that the deceased was the intended victim.
Defendant acknowledges the burden is on the insurer to prove the victim was the intended victim. However, defendant urges that in the instant case all questions are clearly and concisely answered by the *865 police report and that the situation was further clarified by the portion of the stipulation which states: “Plaintiff, Joe E. Culotta, did not resist the robber in any manner and yet the robber pointed his revolver directly at Mr. Culotta and fired the revolver at him.”
We agree with the finding of the trial judge that the facts and circumstances surrounding the incident, together with the above quoted statement, leave no doubt the armed robber entered the liquor store with the intention of robbing the store. Further, from the stipulation there can be no doubt that the robber intentionally fired the gun pointed directly at the insured.
In Tornabene the court, commenting on the decision in Wildblood v. Continental Casualty Co., 182 La. 202, 161 So. 584 (1935), stated that “this opinion [Wild-blood] by implication of its reasoning may place upon the plaintiff the burden of showing ‘reasonable probability’ that the intended victim was another person. However, we do not so interpret the case. . We interpret Wildblood simply as holding that the ‘intentional act’ exclusion does not apply if the actual victim was not the intended victim.’ ”
The interpretation of exclusionary clauses in policies such as the one here in question has been judicially refined and there now emerges a fairly well-defined rule. In those cases in which the evidence shows that the insured, though violently killed, was thought by the assailant to be a person other than the individual against whom the violence was directed, that is, if the assailant was mistaken in the identity of his victim, an exclusion such as contained in the instant policy would not prevent recovery. However, if the insurer carries the burden of proving that (1) the assailant recognized the insured as an adversary or was not mistaken in the identity of his victim; and (2) he intentionally inflicted an injury on the insured, neither the latter nor his survivors can recover under a policy containing “an intentional act” exclusion. Briley v. Union National Life Insurance Co., 246 So.2d 265 (La.App. 1st Cir. 1971).
In the instant case there is no evidence the robber shot the insured in the mistaken belief that he was some other person. On the contrary, the evidence, comprised of the police report and the stipulation, preponderates that the robber intended to shoot the person at whom he aimed the gun, who happened to be the insured.
We find plaintiff was the victim of injuries intentionally inflicted upon him and is thus prevented from recovering hospital benefits under the exclusionary clause contained in the policies.
The judgment is affirmed at plaintiffs’ cost.
MARVIN, J., dissents and assigns written reasons.