BOUTALL, Judge.
This is a suit for damages brought by the widow of John Steadman as a result of his death by gunshot wound at the hands of the defendant, George Sladovich, III. This case was consolidated for trial with a companion case (#5922 on our docket) brought by John Steadman’s brother, Henry Steadman, Jr., for injuries received by Henry in the same shooting episode. The trial court dismissed both cases, and the plaintiffs have appealed to us. Because the facts surrounding the question of liability are basically the same in each case, we shall discuss the cases together, although we shall render separate decrees.
The trial court rendered written reasons for judgment in which it stated that it accepted the testimony of George Sladovich, III as to the circumstances surrounding the shooting and did not believe the testimony of Henry Steadman, and for those reasons rendered judgment in favor of the defend *63 ant. We affirm the judgment of the trial court.
The appeal before us is basically a question of fact and sufficiency of proof. The facts are that some time late in the evening of June 7, 1971, Henry Steadman, Jr., in the company of his brother John Stead-man, went to the premises located at 18 Tern, Street, New - Orleans, owned by George Sladovich, Jr. in order to have a confrontation with George Sladovich, III, who was living with his father. The nature of the confrontation is in dispute as discussed hereinafter. The two Steadmans secreted themselves about the premises until some time shortly before 11:00 P.M., at which time George Sladovich, III arrived home. There was an encounter among the three men, as a result of which George Sladovich, III shot and killed John Stead-man, and shot and wounded Henry Stead-man, Jr. The record discloses that the main issues in this case revolve about the reason for the Steadmans accosting Sla-dovich at his home at this time of night, and the circumstances which prompted the actual shooting. There are only two witnesses to these events, Henry Steadman and George Sladovich, III, and their testimony is seriously in conflict.
The testimony of Henry Steadman, Jr. is to the effect that he had been separated from his wife for some time, and that during this time George Sladovich, III had been dating his wife. He had spied upon the activities of these two for several weeks, and then secured the services of his brother John to also spy upon them, and he relates that he had evidence of an adulterous relationship. He testifies that he considered Mr. Sladovich to be a “moral leper” and wished to keep him away from his young children, who were then in custody of his estranged wife. To this end, he sought the company of his brother John to go to the Sladovich house and apprise him of the facts that were known, in an effort to have Sladovich quit seeing his wife. He states that the purpose of the meeting was simply a discussion, and the reason he brought his brother along was to help eliminate the possibility of any trouble that might occur if he went alone. He felt that this late hour of the night was appropriate because this was when he expected Sladov-ich to be home.
He further testifies that they arrived at the premises about 10:30 P.M. and were able to see by looking through the windows in the house that someone was home but not Sladovich, and noted that Sladovich’s car was missing. Thereupon they decided to wait in the dark (they went in John’s car and parked it a distance down the street so it would not be recognizable to Sladovich) for Sladovich’s return. When Sladovich did return, shortly before 11:00 P.M., as he approached Henry Steadman, (John being some distance away) Sladov-ich without warning began striking at him and they tussled. John came rushing up to assist Henry, jumping upon Sladovich’s back and the group fell to the ground near the senior Sladovich’s car. During the tussle, he noticed that Sladovich had a gun in his hand, and he yelled to his brother to warn him and both began running. After they had run some distance away, Sladov-ich began shooting, the first shot striking him, the second shot striking his brother, and the third shot striking him as he was running down the block in an effort to escape. Based upon these facts he contends to us that the shooting is unjustified.
As opposed to this, George Sladovich, III testified that he had been warned by Steadman’s wife, whom he had been dating, that Steadman had made threats against him of some sort of physical violence. He relates that at the time in question, he was returning home and parked his car on the street near the driveway. Since he had been preparing to spend several days at another premises with his own children, he had carried his gun in the car to transfer it to those premises, but failing to do so, he now placed the gun in his pocket to bring it into his home. As he *64 walked down the driveway and neared the carport, two men, whose identity was unknown to him because they were masked, rushed at him out of the darkness with long rubber hoses in their hands and began beating him about the face and top of his body. As he attempted to defend himself he felt something hard and metallic strike against the side of his face, and he realized that he was about to take severe punishment at the very least. He yelled for help several times. He managed to reach into his pocket and withdrew his pistol and began firing it at his two assailants. The area was dark and the men wore dark clothing and had stocking masks over their heads, and in the confusion, he could not tell exactly which he shot at first or what their relative positions were to him, except that they were close and beating him with these long hoses at the time he managed to obtain his pistol. In any event, one fell to the ground and the other began running down the sidewalk. He chased him a short distance but the man hid in some dark shrubbery whereupon he concluded that he had best retreat to obtain help.
As noted above, the trial judge accepted Sladovich’s version of the incident and rejected Steadman’s version. It is a well established principle of law that the findings of the trial judge are to be given great weight and should be accepted by us unless there is a showing of manifest error. Particularly is this true in a matter of credibility of the witnesses wherein the trial judge has the opportunity to see and hear the witnesses and observe their demeanor, a situation which cannot reoccur in the appellate court. We agree with the conclusions of the trial judge in this case, and the record amply supports such a decision.
The testimony of the defendant is corroborated by the evidence presented in this case. The testimony of George Sladovich, Jr., defendant’s father, shows that when he returned to the home at approximately 10:00 o’clock P.M., he observed two shadowy figures lurking about the premises in the dark, and that he conducted a search to discover who they might be. He was unable to find the two persons, and assumed that they had left the area. Shortly before 11:00 o’clock P.M. he heard noises and his son’s cries for help and went out to investigate again. He saw one of the assailants on the ground, apparently dead, wearing a stocking mask over his head and socks over his hands. He also noted the rubber hose, and later the mark on his automobile apparently caused by such a hose. He called for his son, and saw his son battered about the face and bleeding.
Several police officers who investigated the matter testified, and their testimony corroborates the finding of the stocking masks, socks and weapons, as well as the battering that young Sladovich received. Additionally, Sladovich was examined by a physician who testified that he was bruised about the head and shoulders and suffered a laceration of the face. Photographs taken at the scene show the presence of the items mentioned. Of particular interest, is the testimony of the wife of John Stead-man, one of the plaintiffs, who testified that her husband was carrying a bag of stockings in his automobile just prior to the incident. A fair consideration of the evidence requires us to conclude that the Steadmans went to Sladovich’s home late at night and secreted themselves in the dark in order to waylay Sladovich upon his return, for the purpose of administering a severe beating, or perhaps even to kill him. The physical evidence and the testimony both demonstrate that the Steadmans were the aggressors in this case.
As a consequence of the onslaught by these two assailants Sladovich was required to use whatever means were at hand to defend himself, and protect himself from severe bodily harm and possibly death. When a person is where he has a right to be and doing what he has a right to do, and is suddenly and unexpectedly attacked by assailants with the ob *65 vious capability of inflicting severe bodily harm or death, he has a right to protect himself with a weapon which might cause death to his assailants. Specifically in this case, we find that when Sladovich parked his car in front of his house that night and while walking down the driveway towards his carport was suddenly assaulted out of the darkness by two masked and unknown assailants carrying weapons, and began receiving a severe battering such as to put him in fear of his safety, he had a right to use his pistol in order to repel the attackers and secure his safety. See for example Bond v. Toriello, 260 So.2d 727 (La.App. 4th Cir. 1972) wherein we quoted with approval the following language.
“In determining what is reasonable conduct, there is no fixed rule. The special facts and environmental characteristics of each case must be considered and treated individually in conformity with the essential civilian judicial technique.”
JUDGMENT IN NUMBER 5921
For the reasons above discussed, we are of the opinion that the judgment appealed from should be affirmed.
Affirmed.
JUDGMENT IN NUMBER 5922
This is the companion case to the case of Sandra Lynn Giuffre, widow of John Steadman v. George Sladovich, III, # 5921 on our docket, which cases were consolidated for trial.
In the companion case we have discussed the evidence relating to the liability of the defendant George Sladovich, III, and for the reasons therein expressed we similarly find no liability on his part for the injuries complained of by plaintiff-appellant herein, Henry Steadman, Jr.
We are of the opinion that the judgment appealed from should be affirmed.
Affirmed.