JONES, Judge.
Plaintiff, Ruben Hall, appeals from a judgment rejecting his demands against the defendant, A. D. Hughes, for damages arising out of a physical altercation between the parties. We affirm.
Ruben Hall was driving home in his truck when he saw an ex-girlfriend, Pecóla Washington, driving a station wagon. They waved at each other and pulled into an adjacent alley to talk. Shortly thereafter, A. D. Hughes drove by and saw Ms. Washington’s car. He also pulled into the alley. Ms. Washington and Hughes are not married but live together as man and wife.
Hughes got out of his car and approached Hall, who was standing by Ms. Washington’s car talking to her. Hall moved toward his own truck, Hughes followed, and they began to circle Hall’s truck. At some point Hall produced a pocket knife and Hughes obtained a 1 X 4 board. Hughes hit Hall on the wrist with the board, causing him to drop the knife. A short scuffle ensued, which Ulysis Reed (who was a passenger in Hughes’ vehicle) stopped by restraining Hughes. • Hughes then returned to his car and sat down. Hall obtained a pistol from his truck, approached Hughes with the stick in his left hand and a pistol in his right, and forced Hughes from his car. Hughes then disarmed Hall by grab *408 bing Hall’s wrist and shaking it until he released the gun. After another short scuffle all parties left. Hall then went by the hospital and was treated for a fractured right wrist. Hughes is six feet, one inch tall and weights 260 pounds; Hall is five feet, three inches tall and weighs 150 pounds.
Hall claims his injury was sustained in the first altercation, when Hughes was the aggressor.
The trial judge listened to the testimony of Hall, Hughes, Ms. Washington, and Uly-sis Reed. In the Reasons for Judgment he found there were actually two altercations, with Hughes probably the aggressor in the first and Hall clearly the aggressor in the second. The judge then stated he could not tell from the testimony in which altercation Hall had been injured, and thus Hall had not met his burden of proof. This finding is due to the irreconcilable conflict in the evidence.
While plaintiff testified his right wrist was broken in the first altercation when defendant struck him on the wrist to make him drop the knife, this is incompatible with his own testimony that he later held the pistol in his left hand, pointed at defendant, and intended to give him a whipping with the stick which he held in his right hand. The other witnesses testified plaintiff gave no indication he was suffering any injury in his right wrist as he handled the heavy pistol with his right hand. Pecóla Washington saw defendant shake plaintiff’s right hand and wrist vigorously to compel him to drop the pistol. If the injury to plaintiff’s right wrist was the result of the second altercation where he was the aggressor he is precluded from recovery for his injury. The law is well settled that in an action for assault and battery a plaintiff may not recover damages if he is found to have been at fault in provoking the difficulty in which the injury is received. Hemsley v. Sims, 325 So.2d 877 (La.App., 2d Cir. 1976); Wilkins v. Nugent, 108 So.2d 5 (La.App., 2d Cir. 1958).
The plaintiff in a civil action is required to prove his claim by a preponderance of the evidence. Braud v. Kinchen, 310 So.2d 657 (La.App., 1st Cir. 1975). Here the trial judge found, after all testimony had been adduced, that plaintiff had not met this burden.
“ * * * It is a well established principle of law that the findings of the trial judge are to be given great weight and should be accepted by us unless there is a showing of manifest error. Particularly is this true in a matter of credibility of the witnesses wherein the trial judge has the opportunity to see and hear the witnesses and observe their demeanor, a situation which cannot reoccur in the appellate court. . . .”
[Steadman v. Sladovich, 288 So.2d 62 (La. App., 4th Cir. 1973)] Id. at p. 64.
The record amply supports the trial judge’s decision and we find no manifest error on his part. For the foregoing reasons, the trial court’s decision is affirmed at appellant’s cost.