362 So.2d 1161 (1978)
James H. SHERWOOD et ux., Plaintiffs-Appellants,
v.
Clifton SEPULVADO et al., Defendants-Appellees.
No. 13607.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1978.
Nelson & Achee, Ltd. by Frank M. Dodson, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for Clifton Sepulvado & Patricia Sepulvado, defendants-appellees.
Kitchens, Benton & Kitchens by Paul E. Kitchens, Minden, for State Farm Fire and Cas. Co., defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Jean Sherwood, joined by her husband, James H. Sherwood, brought this action for damages alleged to have been caused by Mrs. Sherwood's being pushed through the front door of the Clifton Sepulvado residence by Mrs. Patricia Sepulvado. Plaintiffs seek to recover for personal injuries to Mrs. Sherwood and for medical expenses *1162 incurred by the community of acquets and gains from Mr. and Mrs. Sepulvado and their homeowner's insurer, State Farm Fire and Casualty Company.
The trial court rendered judgment for plaintiffs against Mrs. Sepulvado but rejected the demands against Clifton Sepulvado on a finding that Mrs. Sepulvado was not acting as an agent for the community. The court rejected plaintiffs' demands against State Farm because of a provision of the policy which excludes coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." The court limited the award to Mrs. Sherwood for her personal injuries to $1,000 after finding her actions and words while in the Sepulvado home justified a mitigation of the amount of damages to which she would have otherwise been entitled. The court further awarded her husband, as head and master of the community, $1,104.43 for her medical expenses.
Plaintiffs have appealed asking for an increase in the amount awarded and for a reversal of the judgment rejecting their demand against Clifton Sepulvado and State Farm.
Defendant, Patricia Sepulvado, has answered the appeal seeking reversal of the judgment holding her liable for plaintiffs' damages, and alternatively, in the event this court affirms the finding of liability, she requests the judgment rejecting plaintiffs' demands against State Farm be reversed and any judgment for damages be rendered solely against this insurer.
We reverse the judgment rejecting plaintiffs' demands against Clifton Sepulvado and State Farm, and otherwise affirm the judgment of the trial court for the reasons assigned.
The incident giving rise to this litigation occurred as follows: The Sherwoods and Sepulvados were neighbors in the same Shreveport residential area, and the two families had been friends prior to the date of May 3, 1974. In the late afternoon on this date, Mrs. Sherwood went to the Sepulvado home to request the Sepulvados to restrain one of their children from further wetting her minor son with a garden hose. After her knock at the front door had been acknowledged by Mrs. Sepulvado, Mrs. Sherwood let herself into the living room where Mr. and Mrs. Sepulvado were watching television. Mrs. Sherwood stood just inside the door while conversing primarily with Mrs. Sepulvado about the wetting incident. The discussion became argumentative, and Mrs. Sepulvado asked Mrs. Sherwood to leave her home. As Mrs. Sherwood did not immediately comply, Mrs. Sepulvado walked over to Mrs. Sherwood and placed her hands on the front of Mrs. Sherwood's shoulders and pushed her backwards through the front door onto the front porch. Mrs. Sherwood stumbled slightly as she stepped down from the threshold to the porch (approximately three inches), but did not fall. The parties continued to exchange harsh words in the front yard and street until Mrs. Sepulvado was restrained by her husband.
Plaintiffs contend the push by Mrs. Sepulvado, although slight, caused serious injury to Mrs. Sherwood's lower back and has continued to cause pain in her back and legs through the date of trial.
The assignment of errors by all of the parties presents the following issues on this appeal: (1) whether Mrs. Sherwood was the aggressor in the altercation so as to justify the battery by Mrs. Sepulvado; (2) whether the exclusionary clause in the Sepulvado's homeowner's insurance policy precludes coverage under the circumstances of this incident; (3) whether Mr. Sepulvado is vicariously liable as head and master of the community for the tort of his wife; (4) whether any injury to Mrs. Sherwood's back was caused by the alleged battery; and (5) whether the trial court should have mitigated the amount of damages awarded to Mrs. Sherwood.
The Sepulvados claim that Mrs. Sherwood was the aggressor in the altercation as she came into their home, initiated an argument, and refused to leave. They rely on that rule of law which precludes *1163 liability against a defendant where the plaintiff provokes the battery by an aggressive act. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Deville v. Wilks, 229 So.2d 128 (La.App. 3rd Cir. 1969). There is no testimony in this case, however, of any aggressive act on the part of Mrs. Sherwood. Refusing to leave defendants' home was not an act of aggression toward Mrs. Sepulvado, and the ensuing argument, even if initiated by Mrs. Sherwood, does not preclude liability since words alone cannot justify a battery. Morneau v. American Oil Company, 272 So.2d 313 (La.1973). Furthermore, the trial judge found no legal justification for a battery under these facts, and his findings are to be accorded great weight in absence of any manifest error. Hall v. Hughes, 340 So.2d 407 (La.App. 2d Cir. 1976). The record amply supports the trial judge's finding of insufficient provocation.
The second issue is whether State Farm's exclusionary clause in its homeowner's insurance contract with the Sepulvados precludes its liability. The policy provides that no coverage is afforded "to bodily injury or property damage which is either expected or intended from the standpoint of the insured." Both the Sherwoods and Sepulvados contend the clause is inapplicable since Mrs. Sherwood did not intend or expect bodily injury to result from the push. State Farm contends this clause excludes policy coverage for any intentional tort committed by the insured, citing Baltzar v. Williams, 254 So.2d 470 (La.App. 3rd Cir. 1971) and Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir. 1974). We do not find these cases controlling. In Baltzar, Travelers Insurance Company had insured the town of Glenmora under a contract containing the same exclusionary clause as in the present case. Plaintiff sued the town's deputy marshall for an intentional illegal arrest. The issue was whether the subject clause excluded the insurer's liability. The Third Circuit held the town did not expect or intend that its deputy would commit an intentional, violent act upon a citizen; and therefore, the exclusionary clause did not apply. Although the court stated that public policy precludes one from insuring against his own intentional acts, this is obiter dictum without citation of any supporting authority. A contract of insurance is a legal agreement having the effect of law upon the parties, and which only the parties may abrogate or modify, C.C. Art. 1945. Kipp v. Hurdle, supra, is more analogous to the case at hand. In Kipp plaintiff was grabbed by the hair and flung to the floor by defendant who admitted she intended to throw plaintiff to the floor, but denied she intended to harm plaintiff. The court held that it must be presumed she intended the consequences of her action, and that the exclusionary clause (identical to the one presented here) precluded liability on the part of the insurer. The Kipp case has subsequently been criticized in the case of Rambin v. Wood, 355 So.2d 561 (La.App. 3rd Cir. 1978) in which the court construed the exclusionary clause at issue. In Rambin defendant intentionally pushed plaintiff, but "might not have expected" the injuries which resulted. The court cited Kipp, but refused to follow the rationale that the insured is presumed to intend the consequences of his act. The court cited Restatement of Torts Second, Section 8A, which defines intent as denoting that the "actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." The court further cited cases from other jurisdictions in accord with its holding that where the act is intended, but the resulting injury is not, the exclusion has no application, and coverage is afforded.
The language of the exclusionary clause under consideration does not preclude liability for an expected or intended "act," but rather for an expected or intended "injury." When the act is intentional, but the injury is not, the exclusionary clause is not applicable. Mrs. Sepulvado testified she intended to push Mrs. Sherwood, but did not intend to harm her at the time. This is corroborated by the slight force used upon Mrs. Sherwood which failed to cause her to fall. The rationale followed in Rambin is more appropriate to the present circumstances. We therefore find that the exclusionary *1164 clause is inapplicable, and that the State Farm policy affords coverage.
The third issue is whether the trial judge was in error in failing to hold Mr. Sepulvado vicariously liable as head and master of the community for the tort of his wife. We hold the court committed error in this regard. The law is clear that to hold the husband liable for the wife's torts, one must establish that the wife was expressly or impliedly authorized to act, and acted in service of the community. Hart v. Hardgrave, 103 So.2d 910 (La.App. 2d Cir. 1958); Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir. 1976), cert. den. 332 So.2d 217; Adams v. Golson, 187 La. 363, 174 So. 876 (1937). Mr. Sepulvado testified he was watching television in the room where his wife and Mrs. Sherwood were arguing. He admitted he saw and heard the entire incident. He heard his wife ask plaintiff to leave on more than one occasion and saw her finally push Mrs. Sherwood out the door. Although Mr. Sepulvado restrained his wife from any further altercation, he did not do so until his wife had followed Mrs. Sherwood into the front yard. The amount of elapsed time between the initial confrontation and Mr. Sepulvado's subsequent restraint of his wife was sufficient to show an implied consent to his wife's actions. Furthermore, the expulsion of Mrs. Sherwood from the Sepulvado home was the culmination of an argument concerning the acts of one of the Sepulvado children and has sufficient connexity with the community activities to be termed a "community mission." Therefore, Mr. Sepulvado is vicariously liable for the tort of his wife.
The fourth issue is whether there is sufficient evidence to prove injury resulted to Mrs. Sherwood because of the push by Mrs. Sepulvado. Dr. W. W. Fox, the treating orthopedic surgeon, testified that Mrs. Sherwood had a very unstable back at the L-5 disc space, and that the history given him by Mrs. Sherwood on her first visit several days after the incident supported a probability that her complaint of pain in the lower lumbar region was activated by the pushing incident. In the absence of any medical evidence to the contrary, there is sufficient proof of a causal connection between the incident and Mrs. Sherwood's injuries.
The final issue is whether the award of damages is manifestly erroneous. The trial judge mitigated Mrs. Sherwood's damages because of her actions and words in the Sepulvado home, awarding $1,000 general damages to Mrs. Sherwood and $1,104.43 special damages to Mr. Sherwood on behalf of the community of acquets and gains. The trial judge's decision is accorded great weight in these circumstances, Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and we find the record supports his conclusion that mitigation of damages was appropriate under the facts presented.
For the foregoing reasons the judgment appealed is reversed insofar as it rejects plaintiffs' demands against Clifton Sepulvado and State Farm Fire and Casualty Company, and these defendants are cast in solido with defendant, Patricia Sepulvado. The judgment in all other respects is affirmed at defendants' costs.