COLE, Judge.
The plaintiff-appellant, Illinois Central Gulf Railroad Company, brought suit for property damage against the Parish of St. Tammany, St. Tammany Road District No. 7, and Travelers Insurance Company (Travelers), the liability insurer of the two governmental bodies. This is an appeal from the judgment of the district court granting Travelers’ motion for a summary judgment and dismissing the insurer from the case.
This suit arose out of a train derailment that occurred on February 21, 1977, in St. Tammany Parish at or near a railroad crossing of a parish road. The plaintiff alleges that the cause of the accident was an accumulation of clam shells on top of and adjacent to the rails of the track at the railroad crossing and further avers that an employee of the defendants had placed the shells there while performing his job of maintaining the shell road that intersects the track.
Travelers moved for a summary judgment on the ground that its policy did not provide coverage for the accident alleged in plaintiff’s petition due to the following exclusion clause: “It is agreed that the policy does not apply to bodily injury or property *138 damage arising out of the existence or nonexistence of any condition in any highway, road, street . . . or to any act or omission in connection therewith.”
It is a well-established principle that exclusionary clauses in insurance contracts will be strictly construed against the insurer. Any ambiguity will be resolved in favor of the insured. Of the permissible constructions, the court will adopt that which effectuates the insurance over that which defeats it. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Alexia v. Stafford, 356 So.2d 482 (La.App. 1st Cir. 1977); Ory v. Louisiana and Southern Life Ins. Co., 352 So.2d 308 (La.App. 4th Cir. 1977); Craft v. Trahan, 351 So.2d 277 (La.App. 3d Cir. 1977), writ refused 353 So.2d 1336 (La. 1978); Zoller v. State Board of Education, 278 So.2d 868 (La.App. 1st Cir. 1973).
The question in the instant case is whether a train derailment caused by an accumulation of shells on the track at a railroad crossing is an accident arising out of the condition of the road that intersects the track at that crossing. In the context of this question, the word “road” in the exclusion clause is ambiguous. In compliance with the principle of strict construction, we read “road” narrowly to exclude that area where a railroad track intersects. Consequently, it cannot be said that the shells on the track were a condition of the road. Additionally, we think it is clear that the disputed clause was never intended to apply to an accident of this kind. The exclusion obviously contemplated liability arising out of the use of roads, streets, and highways for vehicular and pedestrian traffic, not damage to a train proceeding along its track. The placement of the shells on top of and adjacent to the rails of the track did not create an adverse road condition which might cause injury or damage with resulting liability. If anything, the placement of the shells improved the road surface for its normal, expected use. The loss here arose from the condition of a “railroad,” not from the condition of a “road.” We hold that the exclusion clause does not remove from coverage the negligence alleged in plaintiff’s petition.
For the above reasons, the judgment below is reversed and the case is remanded for further proceedings not inconsistent herewith. Appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.