407 So.2d 478 (1981)
Kathleen Murphy, Wife of/and Herbert J. KLING
v.
Paul W. COLLINS.
No. 14410.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
*479 Wayne W. Foley, New Orleans, for plaintiffs and appellees.
Prentiss Cox, Houma, for defendant Paul W. Collins.
Lloyd T. Bourgeois, Thibodaux, for defendant and appellant State Farm Fire & Cas. Co.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Plaintiffs-appellees, Herbert J. and Kathleen M. Kling, husband and wife, filed suit for damages against Paul W. Collins, defendant-appellee, who, in turn, filed a third party demand against appellant, State Farm Fire & Casualty Company, his homeowners insurer. State Farm denied coverage on the basis of an exclusionary clause in *480 the policy. The trial court rendered judgment in favor of plaintiffs and against Paul Collins and State Farm Fire & Casualty Company, jointly, severally and in solido, awarding Mrs. Kling $15,000 in general damages and Mr. Kling $4,387.15 in special damages. State Farm appealed the trial court's judgment. The Klings and Mr. Collins did not appeal nor did they file an answer to the appeal taken by State Farm.
In the late afternoon of May 22, 1976, Mrs. Kling and her mother, Mildred Madere, brought Florence Collins, wife of Paul Collins and sister of Mildred Madere, home from the hospital to her residence in Houma, Louisiana. Mr. Collins had formerly been married to Mildred Madere and Mrs. Kling had been his stepdaughter. The record shows that ill feelings existed between Mr. Collins and Mrs. Kling for many years. Mr. Collins stated he did not want Mrs. Kling in his home. On this occasion, after he had told her to leave his house, Mr. Collins contends that Mrs. Kling began shouting and making gestures toward him whereupon he shoved her in an effort to make her leave his house. Mr. Collins further contends he did not intend to harm Mrs. Kling.
Mrs. Kling contends defendant intentionally pushed her to the floor in an attempt to remove her from his house. As a result of her fall, she sustained a wrist injury.
State Farm contends the trial court erred in not applying the exclusionary clause contained in Collins' homeowners policy. The clause reads as follows:
"THIS POLICY DOES NOT APPLY:
1. Under Coverage EPersonal Liability...
(f) TO BODILY INJURY OR PROPERTY DAMAGE WHICH IS EITHER EXPECTED OR INTENDED FROM THE STANDPOINT OF THE INSURED."
State Farm has the burden of proving the applicability of the exclusionary clause in its homeowners policy. von Dameck v. St. Paul Fire & Marine Ins. Co., 361 So.2d 283 (La.App. 1st Cir. 1978); Briley v. Union National Life Insurance Co., 246 So.2d 265 (La.App. 1st Cir. 1971). It must therefore prove that the bodily injury sustained by Mrs. Kling was intended or expected from the standpoint of the insured, Mr. Collins.
State Farm relies primarily on the case of Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir. 1974), writ denied, 310 So.2d 643 (La. 1975). In Kipp, supra, the court was faced with a factual situation wherein the insured confronted her husband and another woman (plaintiff) dancing in a bar. The insured proceeded to grab plaintiff by her hair and shoved her to the floor, resulting in injuries to plaintiff. The insured admitted that she intended to grab plaintiff's hair and to shove plaintiff to the floor, but denied that she intended to injure her. This court affirmed the judgment of the lower court against Mrs. Hurdle stating that "it is presumed she (the insured) intended the consequences of her aggressive action." We further held therein that the exclusionary clause (worded exactly like the one in the present case) was applicable and no coverage existed.
State Farm therefore argues that because Mr. Collins admits pushing Mrs. Kling, it must be presumed he intended the consequences of his act and the exclusion in the policy should be applied. The trial judge in concluding otherwise stated:
"While it is beyond question that defendant did push Mrs. Kling, the court is of the opinion that Mr. Collins did not intend any harm or injury to the lady. After considering the evidence carefully, the court has concluded that Mr. Collins in pushing or shoving the plaintiff did not intend any real harm or injury to her, but rather only wanted her to leave his home. Having so concluded, the court believes the exclusionary clause in Mr. Collins' homeowners insurance policy is not applicable to the facts of this case since the bodily injury to Mrs. Kling was neither expected nor intended from the standpoint of Mr. Collins. The homeowners insurance policy covers the injury and damages incurred by the plaintiffs and the exclusionary clause in the State Farm *481 Fire and Casualty Company policy is not applicable. (See Sherwood v. Sepulvado, [La.App.] 362 So.2d 1161.)"
In Kipp, supra, the insurer proved that the insured intended to pull plaintiff's hair and intended to force her to the floor. Injury necessarily follows from such actions.
In this case, the insurer only proved that its insured pushed plaintiff in an attempt to get her out of his home. The insurer herein did not prove that its insured intended to shove plaintiff to the floor or intended to harm or injure her in any manner.
State Farm, under the facts of this case, did not carry its burden of proving that Mr. Collins intended to injure Mrs. Kling. We cannot presume, as we did in the case of Kipp, that Mr. Collins intended the consequences of his act since the circumstances of this case and the nature of his actions are not so aggressive as to reasonably justify such a presumption. The exclusionary clause should apply only when the "act" is of such a nature that injury must necessarily be expected. For example, see Tobin v. Williams, 396 So.2d 562 (La.App. 3rd Cir. 1981) and Kipp, supra.
Further, exclusionary clauses in insurance contracts are strictly construed against the insurer. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Illinois Central Gulf Railroad Company v. Travelers Insurance Company, 374 So.2d 137 (La.App. 1st Cir. 1979). The exclusionary clause sought to be enforced herein does not preclude liability for an expected or intended "act", but rather for an expected or intended "injury".
The facts of this case are more analogous to those of the Sepulvado case, supra, cited by the trial judge in his reasons for judgment. Sepulvado holds that when the "act" is intentional, but the "injury" is not, the exclusionary clause is not applicable.
We concur with the trial judge's conclusion that State Farm failed to carry its burden of proof.
State Farm next contends that the amount awarded to plaintiff for damages is so excessive it constitutes an abuse of the trial judge's discretion. Mrs. Kling suffered a fractured wrist, together with irritation of the tendons and ligaments, and a loss of range of motion. Dr. Haddad, her treating physician, estimated she had a ten to fifteen percent residual disability of the hand based on loss of range of motion. The doctor was also of the opinion that the problems with her hand were more of a psychiatric problem than an orthopedic problem.
Dr. Lancaster, her psychiatrist, was of the opinion that Mrs. Kling was suffering from "conversion reaction" which he defined as a psychiatric illness where symptoms present themselves in an individual by mimicking physical illness or physical complaints. He further explained that Mrs. Kling did indeed feel exaggerated pain even though there was no physical basis for it. Mrs. Kling suffered from increased tension and had nightmares as symptoms of her psychiatric problems which were all related to the wrist injury.
Damages have been awarded to persons who suffered from a traumatic neurosis. Jackson v. United States Fidelity & Guaranty Company, 382 So.2d 223 (La.App. 3rd Cir. 1980), writ denied 385 So.2d 275 (La. 1980); Breaux v. Roy Young, Inc., 397 So.2d 1384 (La.App. 3rd Cir. 1981); and Kraaz v. La Quinta Motor Inns, Inc., 396 So.2d 455 (La.App. 4th Cir. 1981).
We are unable to conclude that an award of $15,000.00 for the described injury is an abuse of the trial judge's great discretion in fixing the amount of damages. La.C.C. 1934. Reck v. Stevens, 373 So.2d 498 (La. 1979).
Though not complained of by State Farm, we must note that the trial court's judgment was improperly cast. Plaintiffs, never having sued State Farm, cannot recover judgment against the insurer. Plaintiffs' judgment against defendant is final and the judgment against State Farm is set aside and there is judgment rendered herein in favor of defendant and third party plaintiff, Mr. Paul Collins, and against third party defendant, State Farm Fire & Casualty Company, in the full sum of $19,387.15 *482 plus $360.00 in expert fees, with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.
For these reasons, the judgment of the trial court is amended in part and affirmed at appellant's costs.
AMENDED AND AFFIRMED.