443 So.2d 773 (1983)
Anaise M. GUILBEAU, Plaintiff-Appellee,
v.
Louise Larive ROGER and South Carolina Insurance Company, Defendants-Appellants.
No. 83-368.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
Writ Denied March 16, 1984.
Voorhies & Labbe, James P. Lambert, Lafayette, for defendants-appellants.
Patrick L. Colomb, Lafayette, for defendants-appellees-appellants.
Gerald J. Block, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, Judges.
*774 GUIDRY, Judge.
The plaintiff, Anaise M. Guilbeau, brought this personal injury suit to recover damages resulting from an altercation with her neighbor, the defendant, Louise L. Roger. Mrs. Roger filed a third party demand against her homeowner's insurer, South Carolina Insurance Company, seeking indemnity in the amount of any judgment awarded against her and attorney's fees from South Carolina on account of the latter's failure to defend the lawsuit.
The trial court found that Mrs. Roger and South Carolina were liable jointly, severally, and in solido, and rendered judgment in favor of the plaintiff against both in the amount of $2,720.00. The trial court also awarded the defendant, Mrs. Louise L. Roger, a $750.00 attorney's fee in her third party demand against South Carolina.
Mrs. Roger appeals, asserting that her actions in defending her property were reasonable, and that the trial court erred in rendering judgment against her. South Carolina also appeals, asserting that the trial court erred in finding that the plaintiff's injuries were covered by Mrs. Roger's homeowner's policy, and in awarding Mrs. Roger an attorney's fee in her third party demand against South Carolina.
We observe at the outset that the trial court erred in rendering judgment in the plaintiff's favor against South Carolina, since the plaintiff did not name the insurer as a defendant in the principal action. Because of this error and because we ultimately conclude that the plaintiff's injuries were not covered under Mrs. Roger's homeowner's policy, it will be necessary to recast the judgment.
The issues presented by this appeal are: (1) the correctness of the trial court's finding of liability on the part of Mrs. Roger; (2) whether the injuries suffered by the plaintiff are covered by the policy of homeowner's insurance issued by South Carolina to Mrs. Roger; and, (3) whether South Carolina had a duty to provide a defense to Mrs. Roger in this suit.

FACTS
The plaintiff and the defendant, 64 and 67 years of age, respectively, are longtime neighbors whose properties adjoin in the town of Carencro, Louisiana. On August 19, 1981, while the plaintiff was raking leaves in her yard, a dispute arose between the two women over the presence of leaves in the plaintiff's yard. The plaintiff accused the defendant of raking the leaves onto her property. From that point, the testimony of the two women presents two very different versions of the incident. The plaintiff, Mrs. Guilbeau, testified that after a period of "fussing", Mrs. Roger went to her garage and returned armed with her own rake, although by this time the plaintiff had dropped her rake to the ground. Mrs. Roger then came toward the plaintiff, stating that she was "coming to get" her. She then struck the plaintiff with the rake, and a period of struggling and hair pulling ensued. Mrs. Guilbeau stated that the fight began on her property, but when both parties got up off the ground following the struggle, they were on the Roger property.
Mrs. Roger testified that Mrs. Guilbeau accused her of raking the leaves onto her property and threatened to use her rake to put the leaves back on the Roger property. Mrs. Roger stated that she went to get her own rake, and she gave the following account of what followed:
"Q. Okay, and according to you, at the time that you went to get the rake, she was in your yard?
A. Oh, yes, she was coming on me.
Q. So when you got to her, all you did was push her?

A. Well, you know, she tried to She saw I had a rake; she tried to get my rake. So she dropped hers and she catch me in the hair. When I saw she had caught me in my hair, I dropped mine and I caught her. So I swing her head by my pole and then she gived in. When she give in, I say well, I won't be able to handle her. I give her a push; she fell on her seat and with her two hands like this. Then I told her, I said *775 get up. So she gets up. So when she get up, I didn't give her time because we was fighting. So I push her a little further. Then I give her a push all my mighty; I almost pass through her. So she fell on her back this way with her legs this way too. So if she break her arm, it's her own, you know."

Mrs. Roger further stated that the fight occurred in her yard. As a result of the fight, Mrs. Guilbeau suffered a broken wrist and a minor cut to her head.

LIABILITY OF DEFENDANT
The trial judge heard two conflicting versions of how the fight occurred. In his oral reasons for ruling, he stated that the defendant provoked the incident by attempting to shove the plaintiff off her property. Based on this conclusion, he found Mrs. Roger liable for the resultant injuries suffered by the plaintiff.
The trial judge is in the best position to make credibility determinations. Reasonable evaluations of credibility and reasonable findings of fact will not be disturbed by an appellate court unless they are clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975). We have carefully examined the record, and we find no clear error in the factual determinations of the trial court.

INSURANCE COVERAGE
The policy of homeowner's insurance issued by South Carolina to Mrs. Roger excludes coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured." The trial court found that Mrs. Roger did not intend to inflict the wrist injury suffered by Mrs. Guilbeau, and thus concluded that the policy covered the plaintiff's injuries. For the reasons which follow, we find his determination in this regard to be clearly erroneous.
Under either version of the facts, it appears to us that Mrs. Roger intended to injure the plaintiff. The plaintiff testified that Mrs. Roger approached her with a rake, threatening to "get her", and then started the actual fight by striking her with the rake as the plaintiff raised her hands to ward off the blow.
Even the defendant's own testimony can leave no doubt that the defendant intended to injure the plaintiff. Mrs. Roger testified that after an initial hair grabbing incident, Mrs. Guilbeau "gave in." Despite the surrender, Mrs. Roger pushed the 64 year old plaintiff with both hands, causing her to fall backwards, landing on her posterior and her hands. Mrs. Roger then told Mrs. Guilbeau to get up off the ground. When she did, Mrs. Roger pushed her again with all her strength, knocking her on her back once again.
In support of its conclusion that the defendant did not intend to injure the plaintiff, the trial court cited the case of Kling v. Collins, 407 So.2d 478 (La.App. 1st Cir. 1981). In Kling, the defendant, Mr. Collins, became involved in an argument in his home with the plaintiff, Mrs. Kling. When Mrs. Kling refused to leave, Mr. Collins shoved her in an effort to make her leave his house. The plaintiff fell and suffered a wrist injury. Mr. Collins stated, and the trial court found, that he did not intend to injure the defendant, but only intended to force her to leave. Our brethren of the First Circuit affirmed, holding that the exclusionary clause should apply only when the act is of such a nature that injury must necessarily be expected.
The distinction between an intentional act and intentional injury has also been made by this court. In Rambin v. Wood, 355 So.2d 561 (La.App. 3rd Cir.1978), the plaintiff was riding a small tractor when he was struck or pushed by the defendant, causing the plaintiff to fall off the tractor, sustaining injuries. We found that while the act of the defendant was intentional, the injuries suffered by the plaintiff were neither expected or intended by the defendant. See also, Sherwood v. Sepulvado, 362 So.2d 1161 (La.App. 2d Cir.1978).
*776 The instant case is readily distinguishable from the cases cited above. In each of the above cases, the act of the defendant, while intentional, was not so aggressive that an intent to injure could be inferred. In the instant case, we are not concerned with an isolated push or shove, but rather a full blown fight. By Mrs. Roger's own admission, she pushed the plaintiff to the ground after the plaintiff had surrendered, then ordered her to get up only to knock her down again. Injury to the elderly plaintiff, whether to her wrist or some other part of her body, was clearly intended and should certainly have been reasonably expected. We conclude that the trial judge erred in finding otherwise. We hold that the plaintiff's injuries were not covered by the insurance policy.

SOUTH CAROLINA'S DUTY TO DEFEND
The trial court found that South Carolina Insurance Company breached its duty to defend Mrs. Roger in the lawsuit, awarding the defendant an attorney's fee of $750.00.
An insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's obligation to defend suits against the insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. Ada Resources, Inc. v. Don Chamblin & Associates, 361 So.2d 1339 (La.App. 3rd Cir.1978); Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir.1978).
Counsel for South Carolina contends that the plaintiff's petition excludes coverage because it alleges an intentional battery not covered by the policy, and that consequently there was no duty on the part of the insurer to defend Mrs. Roger in the lawsuit. We do not agree.
The plaintiff's petition does allege an intentional act. However, as we have more fully discussed above, an intentional act alone is not sufficient to trigger the operation of the policy exclusion in question. There must also exist the intent to inflict injury. In light of the line of jurisprudence which makes a distinction between intentional acts and intentional injury, we are of the opinion that the plaintiff's petition in this case fails to unambiguously exclude coverage. We find no error in the trial court's award of attorney's fees to the third party plaintiff.
Third party plaintiff, Mrs. Roger, also seeks an increase in the amount of attorney's fee to cover the cost of this appeal. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expense, which would not otherwise have been incurred, in order to protect his rights on appeal.
Mrs. Roger appealed the decision of the trial court inasmuch as it awarded damages against her, and was unsuccessful. In addition, she was unsuccessful in defending against South Carolina's appeal on the issue of insurance coverage. Under these circumstances, she is not entitled to an increase in attorney's fees. Gagnard v. Travelers Insurance Company, 380 So.2d 191 (La.App. 3rd Cir.1980).
For the foregoing reasons, the judgment of the trial court is reversed insofar as it renders judgment in favor of plaintiff against South Carolina Insurance Company and Louise L. Roger in solido and said judgment is now recast to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Anaise M. Guilbeau, and against Louise Larive Roger in the sum of $2,720.00, with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Louise Larive Roger, third party plaintiff, and against South Carolina Insurance Company, third party defendant, for attorney's fees in the sum of $750.00, together with legal interest from date of judicial demand until paid. In all other respects, the demand of third party plaintiff, Louise L.

*777 Roger, against South Carolina Insurance Company is dismissed with prejudice. IT IS FINALLY ORDERED, ADJUDGED AND DECREED that all costs of the trial court be assessed one-half (½) to Louise L. Roger and one-half (½) to South Carolina Insurance Company."
Louise L. Roger is cast for all costs of this appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.