CARTER, C.J.,
Concurs in Part, Dissents in Part, and Assigns Reasons.
|4 agree that the portion of the judgment awarding damages to Leo Ricks must be vacated, as Leo Ricks did not name USF & G as a defendant in his suit. See LSA-C.C.P. art. 2002; Johnson v. Shafor, 08-2145 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, 941 (“the consolidation of actions does not merge the two cases unless the records clearly reflect an intention to do so”); Guilbeau v. Roger, 443 So.2d 773, 774 (La.App. 1 Cir.1983), writ denied, 446 So.2d 1224 (La.1984). However, I disagree with the majority’s analysis with regard to the claims of John Allen Ricks, Rita Jean Ricks, and Jennifer Ricks. I find no error in the trial court’s conclusions that the Rickses proved they suffered compensable fear of contracting cancer, that Kentwood Oil is liable to the Rickses for damages resulting from that fear, and that the USF & G policies provide coverage for such damages. | gAccordingly, I would affirm those portions of the trial court’s judgment awarding damages to John Allen Ricks, Rita Jean Ricks, and Jennifer B. Ricks.