291 So.2d 461 (1974)
Robert CALDWELL, Plaintiff-Appellant,
v.
Emile NANCE, dba El Grotto, Defendant-Appellee.
No. 12196.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
Goodwin & Lee by Edmond A. Lee, Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
PRICE, Judge.
This is an appeal from a judgment rejecting plaintiff's demands for damages for personal injuries and medical expenses sustained as a result of an alleged battery on his person by defendant.
The factual background giving rise to this litigation is substantially as follows:
Plaintiff, Robert Caldwell, along with his wife and three other persons, were patrons at a night club known as "El Grotto", owned by defendant, Emile Nance, on Milam Street in the City of Shreveport on the night of February 18, 1970.
Plaintiff's party was seated in the front of the establishment near the entrance. *462 Although it is disputed as to what precipitated his action, plaintiff left his table and walked to the rear of the club where defendant was working behind the back bar. Plaintiff accused defendant of either cursing in front of his wife or calling him a boy in front of his wife, and demanded that defendant come to their table and apologize. Defendant contends plaintiff also told him if he would come out from behind the bar he would whip him. Plaintiff then turned and walked back to the front near the entrance. Plaintiff contends he was obeying defendant's order to leave the establishment and he was near the door waiting on his companions to leave with him. Defendant picked up a pistol and short club and walked from behind the rear bar to the front of the club where plaintiff was standing. After a few words were spoken, the exact context of which is disputed, defendant hit plaintiff one blow on the head with the club. Plaintiff left with his companions to seek medical treatment for the laceration in his scalp, which is the injury for which damages are sought herein.
The trial judge in his reasons for rejecting plaintiff's demands found that the defendant, a 64 year old man, was justified in his actions to protect himself from the threat of harm from the much younger plaintiff, aged 31, who had acted belligerently toward defendant.
We are of the opinion the trial court has erred as a matter of law in rejecting plaintiff's demands. Words alone are not sufficient to justify the use of force on another's person. Morneau v. American Oil Co., 272 So.2d 313 (La. 1973). There is no testimony in the record to show plaintiff made any overt act toward defendant after walking away from the back bar to the front of the room. In fact, an employee of defendant's, who was called as his only witness, testified plaintiff never took his hands from his sides prior to being struck by defendant with the club.
There is no evidence plaintiff and his companions were creating any disturbance in the club which would have justified use of force in expelling them to prevent danger to other patrons. We therefore find defendant did not have sufficient provocation to justify him in committing the battery on plaintiff.
Plaintiff did not present any evidence of medical expenses, nor the testimony of a medical expert. He testified he had a scalp would necessitating stitches and had headaches for a periof of time after the accident. There is no evidence of residual injury. We find an award of $500 is adequate on the basis of the evidence in the record.
For the foregoing reasons the judgment appealed from is reversed and judgment is rendered in favor of plaintiff against defendant for the sum of $500, and all costs of these proceedings, including this appeal.