325 So.2d 877 (1976)
Doris HEMSLEY, Plaintiff-Appellant,
v.
Florence SIMS, Defendant-Appellee.
No. 12782.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1976.
Rehearing Denied February 9, 1976.[*]
Writ Refused March 23, 1976.
Claudius E. Whitmeyer by Alex Rubenstein, Shreveport, for plaintiff-appellant.
Rothell, Lawson & Robinson by John M. Robinson, Mansfield, for defendant-appellee.
Before BOLIN, PRICE and HALL, JJ.
Rehearing En Banc, Denied, February 9, 1976.[*]
BOLIN, Judge.
Doris Hemsely sued Florence Sims for damages allegedly resulting from an unprovoked battery inflicted upon plaintiff by defendant at approximately 6:00 a. m., on September 12, 1974. Trial was had before a jury resulting in a verdict rejecting plaintiff's demands. From a formal judgment rendered pursuant to this verdict plaintiff appeals. We affirm.
The altercation between plaintiff and defendant occurred at the residence of their mutual boyfriend. It is conceded plaintiff and defendant had a physical encounter and that defendant was the apparent victor. Plaintiff's injuries included bruises and lacerations and a broken nose.
The primary issue before the lower court and this court is whether plaintiff's injuries were the result of an unprovoked assault and battery committed by defendant.
The law is well settled that in an action for assault and battery a plaintiff may not recover damages if she is found to have been at fault in provoking the difficulty in which the injury is received. Wilkins v. Nugent, 108 So.2d 5 (La. App.2d Cir. 1958). The burden is upon the plaintiff to establish by a preponderance of the evidence that the battery occurred and that defendant was the aggressor or that defendant used excessive force under the circumstances. Middleton v. Shaw, 271 So.2d 358 (La.App.2d Cir. 1972); Lavergne v. Hoffpauir, 306 So.2d 462 (La. App.3d Cir. 1975).
It being conceded the trial judge correctly charged the jury as to the law, *878 the only question on appeal is one of fact. From our review of the record we find sufficient facts to support the jury verdict.
The judgment is affirmed at appellant's cost.
HALL, J., dissents and reserves the right to assign written reasons.
HALL, Judge (dissenting).
I respectfully dissent from the majority opinion affirming the judgment of the district court for the reason that, in my judgment, the verdict of the jury is manifestly erroneous as a matter of fact and law. The evidence presented to the trier of fact does not furnish a reasonable factual basis for the trial court's findings.
The encounter giving rise to this suit occurred at approximately 6:00 o'clock in the early morning at the home of John Roberts. The defendant was Roberts's more recent and consistent girl friend but they had a fight a few days prior to the incident and had not seen each other for several days. Plaintiff was a former girl friend of Roberts and still saw him occasionally.
Plaintiff spent the night prior to the incident with Roberts at his home. Roberts got up in the morning and went to work. Defendant stopped at Roberts's home on her way to work, her stated reason being to pick up a watch she left there a few days earlier. Defendant noticed that Roberts's car was gone and that another car was parked in the driveway.
Although defendant had a key to the house she did not have it with her. She picked up a piece of wood from a trash pile and used it to force open a window in the front door, which she had seen Roberts do on other occasions when he did not have his key.
With the board in hand, defendant moved through the house toward the bathroom where she thought she had left her watch. According to defendant, plaintiff confronted her in the hallway and defendant, being startled and believing it was necessary to protect herself, struck plaintiff several times about the face and head with the board. Defendant testified she was scratched by plaintiff during the encounter. Plaintiff testified defendant came into the bedroom, pulled her out of bed by the hair and struck her repeatedly with the board. Plaintiff sustained several bruises and lacerations of the scalp and the back of the head and a broken nose.
Defendant's version of the incident is highly questionable. Weighing against the veracity of her version are the following factors:
(1) Although she left the watch at Roberts's home several days earlier, she did not go back to get it until the particular morning when plaintiff was there.
(2) Although she stated she went to the house to get the watch, she did not have her key to the house on that particular morning.
(3) She entered the house forcibly even though Roberts's car was gone and another car was in the driveway, indicating the presence of someone in the house.
(4) Her testimony about stopping at the house to recover her watch is inconsistent with her reasons for stopping given in her answer to plaintiff's petition.
(5) Blood on the floor in the bedroom indicates the encounter occurred there rather than in the hallway.
(6) Defendant pleaded guilty to a charge of simple battery in a criminal prosecution arising out of this incident.
Even assuming the jury made a credibility finding in favor of defendant, believing her version over that of plaintiff, and accepting defendant's version of the incident as true, defendant was not justified in repeatedly striking plaintiff with the board. Plaintiff was not at fault and did not *879 provoke the attack. Assuming plaintiff confronted defendant in the hallway as defendant testified, defendant was not presented with a situation where she could have reasonably believed she was in danger of bodily harm from the other unarmed woman. The force defendant used under the circumstances was excessive in any event.
In my opinion, plaintiff bore her burden of proving an unprovoked battery by defendant, who was the aggressor and used excessive force, even if the evidence is viewed most favorably to defendant. The evidence presented to the jury does not warrant any reasonable factual conclusions or findings to the contrary. The jury failed to apply the law, which was properly given to them in the judge's charge, to the facts.
The judgment of the district court should be reversed and the plaintiff should be awarded damages.
NOTES
[*] Hall, J., dissented.