425 So.2d 284 (1982)
Charlotte P. SAMPY, Plaintiff-Appellee,
v.
ROY YOUNG, INC. and William S. Reams, Defendants-Appellants.
No. 82-336.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*285 Onebane & Associates, Mark L. Riley, Lafayette, for defendants-appellants.
Rubin & Keller, Edward D. Rubin, Lafayette, for plaintiff-appellee.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of a collision between an automobile driven by the plaintiff, Charlotte P. Sampy, and an 18-wheel truck driven by the defendant, William S. Reams. The accident occurred on August 8, 1980, which was after the effective date of Act No. 431 of 1979, amending LSA-C.C. Article 2323 and adopting the doctrine of comparative negligence in Louisiana. The district judge found the accident was caused by the negligence of both drivers, 40% being attributable to the plaintiff and 60% to the truck driver. The court found further that plaintiff suffered general damages in the sum of $25,000, which reduced by 40% resulted in an award of $15,000 in general damages. There was also an award for special damages which was reduced in the same proportion. Defendants appealed. Plaintiff has neither appealed nor answered the appeal.
The issues are: (1) Was the accident caused 60% by the negligence of defendant truck driver? (2) Was the finding of $25,000 in general damages excessive? (3) Did the trial court err in its method of calculating the award of general damages under LSA-C.C. Article 2323?

GENERAL FACTS
The accident occurred on Highway 167 in Lafayette Parish. The highway was under construction to provide two northbound lanes and two southbound lanes with a median between. Near a construction site the two southbound lanes lead into a detour to the west. Both vehicles were going south.
Plaintiff and the defendant truck driver gave different versions of the accident. The plaintiff testified she was thoroughly familiar with the road and was driving at a slow speed in her left-hand lane and was slowing down as she approached the detour which turned off to her right. She says she saw the 18-wheeler behind her, also in the left-hand lane and coming up "real fast." Her testimony is that the truck could not slow its speed sufficiently, and that it drove partially onto the east shoulder in an attempt *286 to avoid striking her from the rear, but the right front of the truck struck the left rear of her automobile before she reached the detour.
The defendant truck driver testified plaintiff was traveling in the left-hand lane and he was following her in the right-hand lane at a speed of 40 to 45 MPH. He says plaintiff attempted to change lanes twice, and that on the second attempt she crossed the center line into his path. He states he applied his brakes and went onto the shoulder in an effort to avoid the accident, but the front of the truck struck the rear of the automobile.
Both the plaintiff and the defendant introduced the testimony of experts in accident reconstruction. Plaintiff's expert testified that based on the physical facts the defendant's truck driver was proceeding at a speed in excess of the 45 MPH speed limit posted in the construction area. The defendant's expert expressed the opinion it was physically impossible for the accident to have occurred in the manner described by plaintiff.
The trial judge found as a fact that defendant's version of the accident was correct insofar as the plaintiff's vehicle being in the left-hand lane and the truck in the right-hand lane as they approached the detour. The trial judge concluded the truck driver was negligent in traveling at an excessive speed under the circumstances and not keeping a proper lookout as to the actions of the plaintiff as she was attempting to change lanes. The judge concluded that plaintiff was also negligent in changing lanes when it was not safe to do so.

NEGLIGENCE ATTRIBUTABLE TO DEFENDANT
The first issue is whether the trial judge erred in attributing to the defendant 60% of the negligence which caused the accident. Defendant argues that under LSA-R.S. 32:104(A) "No person shall ... move right or left upon a roadway, unless and until such movement can be made with reasonable safety." Defendant also cites LSA-R.S. 32:79 for the rule that when a roadway is divided into two or more lanes for traffic in the same direction, a driver must remain as nearly as practical in the same lane and shall not move from such lane without ascertaining that such a movement can be made with safety. Jurisprudence is cited for the rule that a heavy burden is placed on a motorist who changes lanes. Deumite v. Westbank Contractors, 343 So.2d 289 (La.App. 1st Cir.1977).
In their brief, defendants state it is unclear whether the assessment of percentages of fault is a legal or a factual question. See Professor Alston Johnson, Comparative Negligence and The Duty Risk Analysis, 40 La.L.Rev. 319. In the present case, which was bench tried, we find it unnecessary to decide this question. If the apportionment of negligence is a question of fact, the trial judge was not clearly wrong because the evidence amply supports the apportionment made. If the question is one of law, we find no error by the trial judge.
In her appellate brief, plaintiff argues the defendant truck driver had the last clear chance to avoid the accident so comparative negligence does not apply. These issues are not properly before us because the plaintiff neither appealed nor answered the appeal.

IS THE FINDING OF $25,000 FOR GENERAL DAMAGES EXCESSIVE?
Defendants contend the finding of $25,000 in general damages is excessive. The injuries diagnosed immediately after the accident were mild cervical and right shoulder strain with possible mild low back strain and injuries to the right hand. She recovered from the cervical, shoulder and low back injuries within about one month. However, the right hand became infected from a splinter of some kind.
The principal argument as to quantum is that the trial judge erred in finding a causal connection between the accident and a heart attack suffered by plaintiff thereafter while in her doctor's office. About six weeks after the accident, she was in the doctor's office and he was extracting some purulent material from the wound in her *287 hand. She became weak and had an apparent heart attack. Since she had a previous diagnosis of cardiac problems and high blood pressure, an ambulance was called and she was taken to the hospital where she remained for about three weeks. The hospitalization was for the heart condition.
The defendants argue that the award should be no more than $2,000 for the cervical, low back and shoulder strains from which plaintiff recovered in about one month. They argue further that there is simply no causal connection between the injury to the hand and its subsequent infection and treatment and the heart attack.
We find no manifest error in the trial court's conclusion that there was a causal connection between the accident and the heart attack which required about three weeks of hospitalization. The treating physician testified plaintiff had cardiac problems before the accident and that the treatment of the hand in his office was the cause of the heart attack. There is no evidence to the contrary. For a similar case in which the court held there was a causal connection between the accidental injury and a subsequent aneurysm of the aorta, see Austin v. Otis Elevator Company, 336 So.2d 914 (La. App. 4th Cir.1976).

TRIAL COURT'S APPORTIONMENT OF DAMAGES
Defendants contend the trial court erred in its method of calculating the amount of general damages for which defendants are liable. LSA-C.C. Article 2323 reads as follows:
"Art. 2323. Computation of damages. When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss. (Amended by Acts 1979, No. 431, § 1.)"

At the conclusion of the trial, the judge gave oral reasons which are transcribed in the record. The controversy arises over certain language used by the court in these oral reasons. First the judge stated that taking into consideration the new rules of comparative negligence, the plaintiff was entitled to an award of $10,000 for general damages. Counsel then pointed out to the court that the law required her to make an assessment of the total amount of general damages and then reduce that amount in proportion to the percentage of negligence attributable to the plaintiff. The court then stated that plaintiff would have been entitled to $25,000 in general damages if in fact she had not been guilty of any negligence. Counsel then pointed out to the court that 60% of $25,000 is $15,000, rather than the sum of $10,000 previously mentioned by the judge. At this juncture, the judge stated that she concluded the award of general damages should be $25,000, of which 60% is $15,000, and that the judgment for general damages should be in the sum of $15,000. The judgment appealed shows that plaintiff received an award of $15,000 in general damages.
Although there appears to have been some misunderstanding or miscalculation by the trial judge while giving oral reasons, there is no question as to the court's final determination that the amount of general damages was $25,000, and that in accordance with the statute this should be reduced in proportion to the percentage of negligence attributable to the plaintiff, i.e., 40%, resulting in an award to the plaintiff of general damages in the sum of $15,000. Clearly, this was a correct method of calculation under the statute quoted above.

DECREE
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.