429 So.2d 561 (1983)
ODELL VINSON OIL FIELD CONTRACTORS, Plaintiff-Appellee,
v.
EL DORADO GAS COMPANY, Defendant-Appellant.
No. 82-608.
Court of Appeal of Louisiana, Third Circuit.
March 29, 1983.
Showers & Guidry, Randall L. Guidry, Lafayette, for defendant-appellant.
Robert W. Levy, Ruston, for plaintiff-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The plaintiff brought suit on open account seeking, in addition to the principal, attorney's fees pursuant to La.R.S. 9:2781. *562 A default judgment was granted awarding the amount claimed, legal interest, and attorney's fees. The only issue on appeal is whether plaintiff complied with statutory requirements thereby justifying the award of attorney's fees. We affirm.
An open account existed between Odell Vinson Oil Field Contractors, plaintiff-appellee, and El Dorado Gas Company, defendant-appellant. In due time, the balance reached $71,221.57. A letter by counsel for plaintiff, dated April 28, 1982, demanding payment was sent to defendant by certified mail and was received May 7, 1982. An additional demand letter was sent by said counsel, dated May 8, 1982, with invoices attached. Both letters appear in the record. No response was received to these requests for payment.
Suit was filed by Odell Vinson Oil Field Contractors, on May 21, 1982 in the sum of $71,221.57 together with attorney's fees and interest. Attached to the petition was a request for admission of compliance with R.S. 9:2781.[1] A preliminary judgment by default was entered against defendant on June 14, 1982. This judgment was subsequently confirmed against appellant, El Dorado Gas Company, wherein the trial court awarded the principal with legal interest plus 15% as attorney's fees. At the confirmation proceedings the president and another officer of plaintiff corporation testified that they too sent a demand letter, correctly setting forth the amount owed with a copy of the invoices attached, to the appellant more than 30 days prior to institution of suit. The letter allegedly written by the officers was not introduced into evidence. Appellee contends, inter alia, that this testimony is sufficient to establish a prima facie case so as to maintain the summary judgment.
La.R.S. 9:2781 provides in pertinent part "When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."
With regard to plaintiff's assertion, that the testimony of the officers concerning their letter, absent its introduction into evidence, is sufficient to establish a prima facie case, we note that appellant was not invoked the best evidence rule. We pretermit that such testimony which by its character indicates other evidence more reliable, direct and obtainable, to-wit: a copy of the letter, is insufficient to establish a prima facie case pursuant to R.S. 9:2781. cf: Ascension Builders, Inc. v. Jumonville, 263 So.2d 875 (La.1972), Buddy Patterson Gateway Gulf Service v. Howell, 392 So.2d 140 (La.App. 1st Cir.1980). However, we need not address this issue as matters not urged on appeal are considered abandoned.
Appellant contends that the plaintiff failed to comply with the statutory requirements inasmuch as thirty days did not elapse between written demand with invoices attached and filing of suit for recovery thereof. Appellant notes that the correspondence received May 7, 1982 contained no invoices. A subsequent letter, dated May 8, 1982, was mailed to appellant with the invoices enclosed. As aforementioned, plaintiff's petition was filed on May 21, 1982, a preliminary judgment by default was entered against defendant on June 14, 1982, and said judgment was confirmed on July 27, 1982.
According to appellant the beginning of the 30-day period required by statute should be computed from the date the invoices were received. We agree. Nevertheless, *563 we affirm inasmuch as any prematurity of plaintiff's suit was waived by defendant's failure to timely object thereto. Such a dilatory exception must be pleaded prior to judgment by default. La.C.C.P. Art. 928. Moreover, plaintiff's compliance with La.R.S. 9:2781 was deemed admitted by defendant's failure to respond to a request for admission in this regard. La.C. C.P. Art. 1467. Hence, the cost of "litigation" occasioned by defendant's continued disregard of the creditor's requests was properly assessed against appellant.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] ADMISSION NO. 4:

Do you admit that written demand for payment was made upon you more than thirty days prior to the filing of this suit, in which written demand the amount of the open account was correctly set forth and a copy of the invoices in support thereof were included.