FORET, Judge.
Dolza Dupree (plaintiff) brought this action to have the attempted adoption of Au-relien Amos Miller (defendant) by Mrs. Ad-elia Broussard Dupree (decedent), plaintiff’s deceased spouse, declared to be a nullity.
The trial court, after trial on the merits, rendered judgment in favor of plaintiff, declaring the act of adoption to be a nullity and of no effect.
Defendant appeals and raises the issue of whether the trial court erred in finding that it was necessary for plaintiff to concur in, and consent to, the adoption of defendant by decedent.
FACTS
On January 3, 1976, decedent executed a notarial act wherein she declared that she was adopting defendant, whom she had raised as a child. At that time, decedent was approximately 76 years old and defendant was approximately 46 years old. Both signed the act of adoption, and it was duly filed with the Clerk of Court of Calcasieu Parish. At the time the act of adoption was executed, decedent was married to plaintiff.
Decedent died on January 9, 1982, and defendant filed' a “PETITION TO APPOINT NOTARY TO INVENTORY BANK BOX”. No testament was found in decedent’s safety deposit box. Thereafter, plaintiff instituted the action sub judice alleging, among other things, that the purported adoption was null and void because the act of adoption was drawn up in form different from that required by law and was executed improperly. He further alleged that said act had been obtained through fraud perpetrated on decedent.
ADOPTION
Defendant contends that the trial court erred in finding that his adoption by decedent is null and void. He argues that there is no requirement of law that a person, attempting to adopt an adult, must first obtain the consent of his (her) spouse to the adoption.
LSA-C.C. Article 214 provides, in pertinent part, that:
“Art. 214. Reciprocal rights and duties of adopter and adopted
Art. 214. Married persons must concur in the adoption of another person. One of them cannot adopt without the consent of the other.

Defendant argues that LSA-C.C. Article 214 applies only to the adoption of minors by married persons. He points to the following language found in LSA-R.S. 9:461, as it read at the time decedent attempted to adopt him:
“§ 461. Right of adoption; conditions, limitations, and procedure
Any person above the age of twenty years may adopt any person over the age of seventeen years, according to the following conditions, limitations and procedure:

We find no merit to defendant’s argument. The comment to LSA-C.C. Article 214 clearly states that the procedure for the adoption of persons over 17 years of age is set out in LSA-R.S. 9:461-9:462. The sub *374 stantive law governing such an adoption is set forth in LSA-C.C. Article 214.
Plaintiff was 93 years old when he testified at trial of this matter. Because he had difficulty understanding and speaking English, the trial court had an interpreter sworn in to communicate with him in French, a language he felt more at ease with. Mr. Dupree was unable to read or write. However, he testified that he had not placed his mark on the act of adoption, and that no one had told him that his wife (decedent) had executed such an act. Mr. Dupree stated that he never adopted anyone. He denied that he was defendant’s father, although he admitted that defendant called him “Daddy”. He stated that he never heard decedent call defendant “her son”, and that she always addressed him by his name. Decedent had told him nothing-regarding the fact that she had raised defendant as a child.
Defendant testified that he had taken decedent to a notary to execute the act of adoption. He stated that he told plaintiff they were going to a notary, but admitted that he made no mention of the reason they were going. Defendant never discussed with plaintiff the fact that an act of adoption had been executed by decedent because he felt that decedent was the proper person to discuss this matter with plaintiff. He believed that they had discussed it, although he had no proof that they had done so.
Based upon the testimony of the notary before whom the act of adoption was executed and that of the witnesses to the act, we are convinced that decedent intended to adopt defendant and knew what she was doing at the time. However, we are also convinced that plaintiff knew nothing of this act and never concurred in, nor gave his consent to, the adoption. We agree with the trial court’s finding that LSA-C.C. Article 214 requires the concurrence and consent of one spouse to the adoption of another by the other spouse, whether the person to be adopted is an adult or a minor. The trial court correctly found the attempted adoption of defendant by decedent to be null and without effect.
CONSTITUTIONALITY OF LSA-C.C. ARTICLE 214
Defendant contends that LSA-C.C. Article 214 is unconstitutional, if it requires the consent of one spouse to the adoption of another by the other spouse. Defendant asserts that the provisions of this article violate the equal protection and due process guarantees of the State and Federal Constitutions.
A review of the record clearly indicates that these issues were neither briefed, argued, nor considered below and therefore will not be considered on this appeal. See Davis v. Franklin Parish School Board, 412 So.2d 1131 (La.App. 2 Cir.1982), writ denied, 415 So.2d 942 (La.1982); Ryals v. Home Insurance Company, 410 So.2d 827 (La.App. 3 Cir.1982), writs denied, 414 So.2d 375, 376 (La.1982); State v. Madere, 352 So.2d 666 (La.1977); and, Johnson v. Welsh, 334 So.2d 395 (La.1976). See also Rule 1-3 Uniform Rules, Courts of Appeal.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.