451 So.2d 681 (1984)
Sam A. GILLIAM, Plaintiff-Appellee,
v.
Lewis H. WILLIAMS, Defendant-Appellant.
No. 16303-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
*682 Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for defendant-appellant.
Doyle & Jenkins by Kerwin W. Doyle, Shreveport, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr., and SEXTON, JJ.
HALL, Judge.
The plaintiff, Sam A. Gilliam, sued the defendant, Lewis H. Williams, for damages sustained when the defendant hit the plaintiff on his head and hand with a clipboard at the close of a hearing to determine the defendant's entitlement to unemployment benefits. After trial, at which the defendant was not represented by counsel, the district court awarded the plaintiff $10,000 for his pain and suffering and $2,949.20 for his medical expenses.
The defendant devolutively appealed assigning the following errors:
(1) The trial judge erred in concluding the plaintiff had proven his case by a preponderance of the evidence.
(2) The trial judge erred in not considering the mitigating circumstances present in this case which mandated a denial of the relief requested by the plaintiff.
(3) The trial judge erred in admitting incompetent medical evidence of the plaintiff's injuries and of the causal connection between the defendant's alleged actions and the plaintiff's injuries.
(4) The trial judge erred in holding the defendant to the same or to a higher standard of competency and care in defending his case than if he had been represented by counsel.
The plaintiff answered the appeal praying for an increase in the amount of damages awarded. Finding neither manifest error nor abuse of discretion, we affirm the district court judgment.
The incident giving rise to this suit occurred at the close of a hearing concerning the defendant's eligibility for unemployment compensation benefits. The plaintiff works for the defendant's former employer and lodged certain allegations or complaints against the defendant which resulted in his discharge.
On the morning of February 14, 1983, the plaintiff arrived early at the location for the hearing and was conversing with one Bobby Morris, an employee of the Unemployment Compensation Control System, *683 while waiting for the other participants in the hearing to arrive. Shortly after the plaintiff arrived and began conversing with Mr. Morris, the defendant came into the lobby or waiting area. During the period of time which elapsed while everyone was waiting for the hearing to start, the defendant initiated one or more verbal exchanges with the plaintiff. While it appears that both the plaintiff and the defendant may have exchanged gestures in addition to words, no physical conflict resulted and the hearing was commenced. There appears to have been no noteworthy exchange between the plaintiff and the defendant during the hearing.
At the close of the hearing, the defendant, who was dissatisfied with the manner in which the hearing had been conducted and the decision reached regarding his eligibility for benefits, gathered his materials and started to leave the room. Upon passing behind the plaintiff, the defendant stopped and struck the plaintiff in the right side of the head with a clipboard. The plaintiff, although momentarily stunned, instinctively placed his hands over his head to shield himself from any further blows. At that point, the defendant struck the plaintiff again with the clipboard hitting him in the left hand and injuring the middle finger of that hand. As the plaintiff rose from his chair, other individuals present at the hearing restrained both him and the defendant. Moments later, the defendant left the room.
Immediately after the incident, the plaintiff complained to those present at the hearing of possible injury to his finger and head where the defendant had struck him. Immediately upon leaving the hearing, the plaintiff sought and obtained medical care.
Sufficiency of the Evidence
In Assignments of Error Nos. 1, 2, and 3, the defendant argues, in essence, that the plaintiff failed to carry his burden of proof. This contention is without merit.
In order to recover, the plaintiff must prove by a preponderance of the evidence that his damages resulted from an unprovoked attack by the defendant. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Hemsley v. Sims, 325 So.2d 877 (La.App.2d Cir.1976); Lavergne v. Hoffpauir, 306 So.2d 462 (La.App. 3d Cir.1975); Middleton v. Shaw, 271 So.2d 358 (La.App. 2d Cir.1972); Broussard v. Citizen, 44 So.2d 347 (La.App. 1st Cir. 1950). The plaintiff discharged this burden.
Assignments Nos. 1 and 3 challenge the sufficiency of the plaintiff's proof with respect to causation. In Assignment No. 1 the defendant contends the plaintiff failed to establish that the defendant in fact struck the plaintiff's hand with a clipboard. In Assignment No. 3 the defendant argues that the trial court erred in admitting hearsay evidence of the plaintiff's injuries over the defendant's objection. The latter error, the defendant argues, was extremely grave because the incompetent evidence, the surgeon's written report of the operation the plaintiff underwent and the surgical procedure employed, supplies the only medical evidence in the record describing the plaintiff's injuries. The defendant contends the presentation of medical evidence or testimony establishing the plaintiff's injury and its cause is an absolute prerequisite to recovery in an action for damages resulting from a battery. We find all these contentions meritless.
The cause in fact of an injury is a factual question and the trial court's determination in that regard will not be disturbed or overturned on appeal unless it is clearly wrong or manifestly erroneous. Guilbeau v. Roger, 443 So.2d 773 (La.App. 3d Cir.1983). No such erroneous determination exists in this case.
The defendant testified he struck the plaintiff only once, and then to the right side of the plaintiff's head with his open hand rather than a clipboard. The defendant denied that he struck more than one blow or that he struck the plaintiff's left hand.
Conversely, the plaintiff testified that he thought he was struck more than twice and specifically remembered being struck on *684 the middle finger of his left hand. The plaintiff also testified that he was momentarily stunned or dazed by the defendant's first blow but instinctively placed his arms and hands over his head to shield himself from the defendant's attack at which time his finger was struck.
Bobby Morris, the only apparently neutral or unbiased witness at trial, testified that he saw the defendant strike two blows with a clipboard and indicated the second blow struck the plaintiff's finger.
Only the plaintiff, his wife, the defendant, and Mr. Morris testified at trial. None of the other participants in the unemployment hearing nor any of the individuals who rendered medical attention or treatment to the plaintiff testified. However, it appears these individuals were equally available to both sides and no inference adverse to the plaintiff should arise from the absence of their testimony.
The trial court concluded, as do we, that the plaintiff's testimony, corroborated by that of Mr. Morris, is sufficient to establish by a preponderance of the evidence that the defendant struck the plaintiff's finger with a clipboard. Accordingly, Assignment No. 1 is without merit.
At the time the operating report challenged in Assignment No. 3 was offered, the defendant objected to its admission on the ground that it had not been established that he in fact struck the plaintiff on the finger. The defendant's concern was that the document would be used by the trial court to infer that the defendant's actions caused the injury described in the report. As defendant's appellate counsel points out, the report does not purport to give any causative explanation for the injury the surgery attempted to correct. After being assured by the trial court that the mere admission of the document did not automatically establish the defendant's responsibility for the injury described, the defendant had no further objections to its admission. The report establishes the fact of an operation on the plaintiff's finger, a fact which has never been contested. The report does not purport to establish the cause of the injury. Consequently, we find no prejudice in the document's admission into evidence.
Moreover, even if the unrepresented defendant's objection is construed to extend to the allegedly hearsay nature of the document, and if it is assumed that the document was improperly admitted and considered, there is other evidence in the record sufficient to establish that the defendant's battery caused the injury to the plaintiff's finger.
Initially, we note that the presentation of medical testimony relative to causation is not a prerequisite to recovery. Some matters of causation do not require medical or other expert testimony for their proper resolution. The question is whether or not the record contains sufficient, competent evidence to make a proper and sound determination of causation. See Caldwell v. Nance, 291 So.2d 461 (La.App. 2d Cir.1974). Consequently, merely because the operating report is removed from consideration as evidence does not necessarily defeat the plaintiff's claim.
The record establishes that the defendant struck the plaintiff's finger as the plaintiff attempted to shield himself from the defendant's blow. Immediately after the incident, the plaintiff complained to those individuals present at the hearing of possible injury to his finger and head where the defendant had struck him. Immediately upon leaving the hearing, the plaintiff sought and obtained medical care, although it appears the exact nature of the injury to his finger was not immediately diagnosed. The record further reflects that no injury, deformity, or immobility existed in the plaintiff's finger prior to this incident. The record also reflects that the problem with the plaintiff's finger manifested itself the same day as the defendant's battery of the plaintiff occurred. Based upon this evidence, we conclude that the trial court's determination that the defendant's actions were the cause in fact of the plaintiff's injury is not clearly wrong or *685 manifestly erroneous. Consequently, Assignment of Error No. 3 is without merit.
In Assignment of Error No. 2, the defendant raises the issue of provocation and contends the plaintiff failed to show the attack was unprovoked. Additionally, the defendant argues provocation as a mitigating factor, which, along with his alleged inability to pay the judgment rendered against him, is a basis for the reduction of the damage award rendered in this case. This latter contention is treated in the section of this opinion dealing with quantum.
The defendant cites a pattern of provocation by the plaintiff, beginning with the lodging of certain false allegations against the defendant with their former employer which ultimately resulted in the defendant's dismissal, and culminating in certain provocative words and gestures employed by the plaintiff immediately prior to and during the course of the hearing at which the attack occurred, which, he argues, justifies his actions in striking the plaintiff. Consequently, the defendant contends that he is not liable to the plaintiff for any damages sustained as a result of the blows he struck.
With respect to the defendant's allegation of a pattern of provocational conduct by the plaintiff on prior occasions, such matters are outside the record as developed in this case and cannot be considered by us. The testimony concerning provocation contained in the record deals only with what transpired immediately prior to and during the course of the hearing conducted concerning the defendant's eligibility for unemployment benefits. Prior to the hearing, the plaintiff spoke to the defendant only in response to provocative words and actions by the defendant and in no way threatened the defendant. Additionally, while the plaintiff might have made some comments in response to questioning during the course of the hearing which the defendant might have found provocative in nature, those remarks are insufficient to justify the defendant's actions. Morneau v. American Oil Company, supra. Furthermore, although the parties appear to have exchanged gestures as well as words prior to the hearing, no violence occurred at that point and the plaintiff's actions in that regard provide no provocation for the defendant's later attack. Consequently, there was no provocation by the plaintiff from the evidence developed at trial sufficient to justify the defendant's actions in striking the plaintiff. Accordingly, Assignment of Error No. 2 is without merit in this regard.
Competency in Self-Representation
In Assignment of Error No. 4, the defendant urges that the trial court erred in holding him to the same or to a higher standard of competency than would have been required of an attorney representing the defendant in this matter.
The record amply reflects appropriate concern on the part of the trial judge for the defendant's disadvantaged position in representing himself. The trial judge was ever watchful and made repeated efforts to insure the defendant suffered no prejudice from representing himself and in fact received a fair trial. The trial judge neither allowed plaintiff's counsel to take an unfair advantage of the defendant due to his inexperience and lack of expertise, nor allowed the defendant an unfair advantage to the prejudice of the plaintiff's rights by a total disregard of procedure. Assignment No. 4 is without merit.
Quantum
The defendant, in Assignment of Error No. 2, seeks a reduction in general damages due to the alleged presence of mitigating factors in this case. The plaintiff answered the appeal praying for an increase in general damages. Finding no error or abuse of discretion in the award rendered, we reject both demands.
Mere words, even though designed to incite or irritate, cannot excuse a battery. However, provocation by words can be considered in mitigation of damages although rejected as justification for an unlawful act. Morneau v. American Oil *686 Company, supra. As previously noted, the record reflects that the plaintiff spoke to the defendant only in response to provocative words and actions by the defendant and in no way threatened the defendant. The record contains no evidence of any provocative language uttered by the plaintiff sufficient to serve as mitigation of damages. While the record indicates that the parties may have exchanged gestures in their encounter prior to the start of the hearing, no physical violence erupted at that point. Their physical interaction prior to the defendant's attack is not sufficiently provocative in nature and warrants no mitigation or reduction of damages. Consequently, the award rendered by the trial court cannot be reduced on this basis as the defendant contends.
Additionally, the record contains no evidence of the defendant's alleged impecuniosity. Consequently, that factor cannot serve to mitigate or reduce the amount of damages awarded. Therefore, Assignment of Error No. 2 is without merit in this respect.
The injury sustained by this plaintiff, who is right-handed, has left the middle finger of his left hand somewhat deformed and with a degree of immobility. The exact extent of mobility loss is not established by the record. The plaintiff testified he has considerable trouble gripping objects and experiences pain when he bumps the finger or when the weather is cool. The trial judge noted an "obvious deformity" of the finger at the time of trial, more than eight months after the incident at the unemployment hearing and in spite of corrective surgery and physical therapy the plaintiff had undergone during the interim. The record does not establish what, if any, degree of permanent deformity and mobility loss the plaintiff will suffer. The record does establish that the plaintiff has routinely experienced pain in his finger since the time of the defendant's battery, not only in connection with the physical therapy the plaintiff underwent but also in connection with his ordinary, daily activities. This injury also, according to the plaintiff's testimony, deprived him of the ability to pursue his hobby of building ham radio sets because he can no longer handle the small components well enough with his injured hand to put the radio sets together. Additionally, the plaintiff indicated that he is now unable to perform the small repair or improvement jobs around his house that he once greatly enjoyed.
Despite the injury, however, the plaintiff is still able to competently perform the duties of his position at the Southern University campus in Shreveport. The plaintiff did testify, however, that the deformity of his hand makes him self-conscious and causes him embarrassment and humiliation in his interactions with others both on the job and socially.
We find the $10,000 general damage award reasonably compensates the plaintiff and is not an abuse of discretion. Accordingly, the general damage award will not be increased or reduced.
Decree
For the reasons assigned, the judgment of the district court is affirmed at defendant-appellant's costs.
Affirmed.