465 So.2d 141 (1985)
Catherine Cowen PRUDHOMME, et al., Plaintiffs-Appellants,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 84-172.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Writ Denied May 3, 1985.
*142 Edwards, Stefanski & Barousse, Homer E. Barousse, Jr., Crowley, for plaintiffs-appellants.
Porteous, Hainkel, Johnson & Sarpy, Glenn B. Adams, New Orleans, for defendants-appellees.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
The surviving widow and children of Coley Prudhomme appeal the trial jury's dismissal of their claim for damages against John J. Amico and his automobile liability insurer, Nationwide Mutual Insurance Company (Nationwide), for the wrongful death of Coley Prudhomme.
The Prudhommes filed two specifications of error but briefed and argued only one. Specifications of error not urged on appeal are considered abandoned. Succession of Dupree v. Miller, 433 So.2d 372 (La.App. 3rd Cir.1983), writ denied, 440 So.2d 732; Odell Vinson Oil Field Cont. v. El Dorado Gas, 429 So.2d 561 (La.App. 3rd Cir.1983). Therefore, the only remaining issue is whether the evidence causally connected the accident to Coley Prudhomme's fatal heart attack four days later. We affirm, finding no causation.

FACTS
On Friday, September 11, 1981, at approximately 10:15 a.m., a vehicle driven by John Amico ran a stop sign on Louisiana Highway 13 in Crowley and struck the automobile driven by Coley Prudhomme. The Prudhomme vehicle sustained minor damages and none of the parties involved in the accident, including Amico's guest passenger, sustained any physical injuries. After the State Police investigated the accident, both drivers exchanged insurance information and then departed the accident scene in their respective vehicles.
On the afternoon of the accident Mr. Prudhomme unsuccessfully attempted to contact Nationwide, an out-of-state insurance company. On September 14, 1981, Mr. Prudhomme and his local insurance agent contacted Nationwide. Nationwide answered Mr. Prudhomme's questions and instructed him to submit estimates of his damages. That same day Mr. Prudhomme obtained two estimates and forwarded them to Nationwide requesting a check in the sum of $216.48 to cover his damages. He did not complain of nor did he make a claim for personal injuries. He also submitted a completed SR 10 form as required by Louisiana law.
On September 15, 1981, four days after the accident, Mr. Prudhomme awoke with chest pains. Mrs. Prudhomme called an ambulance to take him to Crowley's American Legion Hospital. Dr. T.L. McNeely, Mr. Prudhomme's family physician, diagnosed him as having suffered an acute myocardial infarction and admitted him to the hospital. Mr. Prudhomme was administered an EKG and rested comfortably until late afternoon. Suddenly Mr. Prudhomme's condition worsened and, despite prompt medical attention, he died on September 15, 1981.
At the time of his death, Mr. Prudhomme was retired from CLECO, having served as its district manager, and was seventy years of age.

CAUSATION
The jury found that the negligence of John Amico was the proximate cause of the accident. This finding of fact is not disputed by the defendants. However, the Prudhommes contend that the jury was clearly wrong in finding that the accident was not the cause-in-fact of Mr. Prudhomme's death. They argue that despite the absence of physical injury at the time of the accident, Mr. Prudhomme experienced severe emotional distress as a result of the accident and this precipitated his fatal heart attack.
*143 When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for its findings, a reviewing court should not disturb this factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The cause-in-fact of an injury is a factual question and the trial court's determination will not be disturbed unless it is manifestly erroneous. Gilliam v. Williams, 451 So.2d 681 (La.App. 2nd Cir.1984). The threshold inquiry in the determination of legal cause is whether the act was a substantial factor in causing the injury. Palmer v. Bartley, Inc., 430 So.2d 118 (La.App. 3rd Cir.1983). To be a cause-in-fact, the negligent conduct must be substantial and a necessary antecedent to the harm produced. Breithaupt v. Sellers, 390 So.2d 870 (La.1980); Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). In Ganey v. Beatty, 391 So.2d 545 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 1325 (La.1981), we stated:
"... an act will be deemed a cause-in-fact of an accident only when, viewed in the light of all the evidence, it is concluded that it is a substantial factor without which the accident would not have happened." (Emphasis added.)
In the present case, applying the aforementioned standards, we must determine whether Amico's negligence in causing the accident was a substantial factor without which Mr. Prudhomme would not have suffered his fatal heart attack. After a careful review of the record we find that the evidence fails to establish a causal relationship.
It is undisputed that Mr. Prudhomme was not physically injured in the accident. In the "Automobile Claim Report" made by Mr. Prudhomme to his insurance company on September 11, 1981, (the day of the accident) he stated he was not injured and signed the document. On September 14, 1981, the day before he died, in his letter of transmittal to Nationwide submitting the two damage estimates, he stated: "No one was hurt." That same day he also filed an "Accident Report SR 10" and under the question, "Name of Injured In Your Vehicle," he reported "None." This document was also signed by Mr. Prudhomme.
When he spoke with his family physician on the day of his heart attack, Mr. Prudhomme related that the preceding day he experienced stress in dealing with Amico's insurance company. He did not refer to the accident. In addition, Mr. Prudhomme told Dr. McNeely that he had been having chest pains for several weeks before the accident.
Plaintiffs rely on Sampy v. Roy Young, Inc., 425 So.2d 284 (La.App. 3rd Cir.1982) in support of their position that even if Mr. Prudhomme's heart ailment preexisted the accident, there was nonetheless a causal connection between the auto accident and his fatal heart attack. We disagree and find the facts of Sampy, supra, distinguishable from the present case. In Sampy, supra, the accident victim, had a preexisting heart condition and she was in the doctor's office for treatment of the complication of an injury she sustained in the accident; as a result of the treatment of the accident-related injury she suffered a heart attack. The evidence supported a direct causal connection in Sampy, supra, between the physical injury resulting from the accident and the subsequent heart attack that the record does not support in the case sub judice.
Even though Mr. Prudhomme's conversation with Nationwide was necessitated by the automobile accident, this transaction is too far remote to impose liability on the defendants, particularly since the evidence shows that Mr. Prudhomme's conversation with Nationwide produced helpful information for the processing of his damage claim.
Plaintiffs further rely on the rule that the wrongdoer takes his victim as he finds him. This rule does not apply in determining whether sufficient causation exists, which is the principal issue before us, but rather applies to the extent of recovery *144 which a successful plaintiff is entitled. Todd v. Aetna Casualty & Surety Company, 219 So.2d 538 (La.App. 3rd Cir. 1969), writ denied, 222 So.2d 66.
After a careful review of the record, we find the jury's reasonable evaluation of credibility furnished a reasonable factual basis for its determination; therefore, it did not commit manifest error. We also find that the accident was not a substantial and necessary antecedent to Mr. Prudhomme's fatal heart attack.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Catherine Cowen Prudhomme, et al., plaintiffs-appellants.
AFFIRMED.