511 So.2d 1313 (1987)
Betty ENGLAND, Plaintiff-Appellee,
v.
S & M FOODS, INC. and Larry Garley, Defendants-Appellants.
No. 18920-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
*1314 Raymond L. Cannon, Tallulah, for plaintiff-appellee.
Lancaster, Baxter & Lancaster by Michael E. Lancaster, Tallulah, for defendants-appellants.
Before MARVIN, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
The plaintiff, Betty England, instituted this action against defendants, S & M Foods, Inc. and Larry Garley, to recover damages for a battery which allegedly occurred in a work related argument. Defendants appeal the trial court judgment which awarded plaintiff $1,000.00 for humiliation and embarrassment as a result of the battery. We affirm.
Plaintiff was employed by S & M Foods, Inc. at its Dairy Queen restaurant in Tallulah, Louisiana when the incident occurred. Larry Garley was the manager of this restaurant. Garley became upset when several hamburgers were incorrectly prepared resulting in them being returned by the customer who had ordered them. Garley allegedly expressed his dissatisfaction by using profane language and throwing a hamburger which hit plaintiff on the leg.
The sole issue on appeal is whether the trial court erred in concluding a battery was committed.
Defendants contend no battery was committed because Garley did not intend to inflict bodily harm upon plaintiff. They argue Garley was disgusted about the returned hamburgers and he threw one hamburger toward a trash can and it inadvertently splattered on plaintiff. Defendants contend Garley did not intend to physically touch or injure plaintiff and her embarrassment was caused as much by her overreaction to the situation as by Garley's conduct.
Plaintiff contends a battery may consist of forcible touching in an angry, revengeful, rude or insolent manner and damages are recoverable for humiliation and mental distress. She asserts Garley admitted he may have struck her with the hamburger, he did not deny using profanity, he was looking at her when he threw the hamburger and several customers observed the incident. Plaintiff contends the incident caused her to cry and become emotionally upset. For these reasons, plaintiff contends the judgment should be affirmed.
A battery is any intentional and unpermitted contact with the plaintiff's person or anything attached to it or practically identified with it. Vascocu v. Singletary, 404 So.2d 301 (La.App.3d Cir. 1981), writ den., 409 So.2d 676 (La.1981); Prosser: Law of Torts, (4th Ed.), p. 34. In the area of intentional torts, intent means the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Monk v. Veillon, 312 So.2d 377 (La.App. 3d Cir.1975). In order to recover for a battery, the plaintiff must prove by a preponderance of the evidence that his damages resulted from an unprovoked attack by the defendant. Gilliam v. Williams, 451 So.2d 681 (La.App. 2d Cir.1984); Hemsley v. Sims, 325 So.2d 877 (La.App. 2d Cir.1976), writ den., 328 So.2d 374 (La.1976).
Mental distress and humiliation in connection with a battery are compensable items of damage. Reck v. Stevens, 373 So.2d 498 (La.1979); Squyres v. Phillips, 285 So.2d 337 (La.App. 3d Cir.1973); Earle v. Wilhite, 299 So.2d 393 (La.App. 2d Cir. 1974).
The trial judge is in a better position to evaluate the credibility of witnesses and the weight of evidence than an appellate *1315 court which does not see or hear the witnesses. For this reason, a reviewing court should adopt the trial court's finding as its own in the absence of clear error, even if other conclusions from the same evidence are equally reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir. 1986).
The trial judge found that Garley committed a battery by throwing a hamburger which hit plaintiff on the leg. The trial judge further found the incident occurred in front of patrons and other employees of Dairy Queen and caused plaintiff humiliation and embarrassment. For the reasons which follow, we find no clear error in these findings of the trial judge.
Plaintiff testified Garley used profane language when he told her to prepare the hamburgers correctly. She stated Garley, while looking straight at her, then threw the hamburger which hit her on the leg. Plaintiff testified she argued with Garley about the matter and several patrons observed the incident which caused her to cry and become emotionally upset.
Garley testified he threw the hamburger toward a trash can because he was disgusted with the way the hamburgers were being prepared. He stated he did not see where the hamburger hit, but noticed some of it splattered on plaintiff and Alice Rash, another employee. Garley testified he did not intend to hit anyone with the hamburger. He stated he and plaintiff argued about the matter and he told the plaintiff to go home.
Ms. Rash testified she did not see Garley throw the hamburger, but observed a hamburger hit the floor and it splattered mayonnaise and mustard on her and plaintiff.
Two other employees who were working on the day of the incident heard Garley's complaints about the hamburgers going out wrong and saw a hamburger hit the floor, but did not see Garley throw it.
The totality of the evidence provided a substantial basis for the trial judge to conclude Garley must have been substantially certain the hamburger would hit plaintiff or splatter on plaintiff when he threw it toward her after becoming disgusted over the manner in which the hamburgers were being prepared. His contact with plaintiff was, therefore, intentional and unpermitted and constituted a battery. The incident occurred in front of several patrons and other employees of Dairy Queen and caused plaintiff embarrassment and humiliation, although she suffered no physical injuries.
The trial judge had the opportunity to see and hear the witnesses as they testified. The record shows no clear error in the trial judge's finding that a battery was committed.
The judgment appealed is affirmed at defendants' costs.
AFFIRMED.